141 So. 663

### STITH COAL CO. v. ALVIS.
#### 6 Div. 115.

Supreme Court of Alabama.
May 12, 1932.

Chas. R. Wiggins, of Jasper, for appellant.

Pennington & Tweedy, of Jasper, for appellee.

ANDERSON, C. J.

As to who did or did not constitute an employee under the Employers' Liability Act (Code 1907, § 3910) as construed by our former decisions may not now be a material factor as the present act defines both an employer and employee. Sloss-Sheffield Co. v. Crim, 219 Ala. 148, 121 So. 408. It seems that under the present act the relationship exists when one employs another to perform a service for hire and to whom the employer directly pays wages or compensation. Ex parte W. T. Smith Lumber Co., 206 Ala. 485, 90 So. 807; Reed v. Ridout's Ambulance, Inc., 212 Ala. 428, 102 So. 906. We think there was sufficient evidence in this case to bring it within the influence of the Smith Case, supra, and to justify the trial court in holding that the plaintiff, Alvis, was an employee of the defendant under the Workmen's Compensation Act. The plaintiff's evidence showed that the defendant contracted with the plaintiff to pay him fixed prices for cutting and hauling from its land certain props, cross-ties, etc., and the payment was to be made directly to the plaintiff.

We also think that there was proof to support the finding of the trial court that the plaintiff was acting within the scope of the employment when his arm was broken. He was engaged in hauling timber which had been cut on the defendant's land for the defendant and to be used in its mine. True, the load then being hauled was not in a direct delivery to the defendant, but was for the purpose of stacking or assembling same in a better and more convenient place for subsequent delivery and he was as much within the employment as if injured while cutting the timber.

There was evidence to support the finding of the trial court that the injury to the plaintiff's arm was the proximate cause of the loss or amputation of same. While the medical men testified to the existence of a tumorous condition which had a bearing

upon the arm and necessitated the amputation, they admitted that the previous injury or break may have weakened the plaintiff's condition or provoked the existing disease and that the amputation may not have been necessary but for said injury or break. New River Co. v. Files, 215 Ala. 64, 109 So. 360.

It is contended that the plaintiff should only recover for the injury to the arm and not the loss of same because of the existence of a disease which contributed to the necessity for an amputation of the same, relying on section 7561 of the Code of 1923. This court held in the case of Paterson v. Wisener, 218 Ala. 137, 117 So. 663, that said section 7561 made general provision for compensation and did not cover or apply to those injuries which were specifically provided for by other provisions of the act. It is sufficient to say that section 7551 (c) fixes a specific compensation for the loss of an arm.

The amendment of the complaint was within the lis pendens and was not subject to the statute of limitations. It related to the same accident or cause of action and merely set up the result of the injury subsequent to filing the original complaint. Sections 9513 and 9516 of the Code of 1923; Birmingham Belt R. Co. v. Ellenburg, 215 Ala. 395, 111 So. 219.

The writ is denied, and the judgment of the circuit court is affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.