### W. P. BROWN & SONS LUMBER CO. v. CROSSLEY.

6 Div. 685.

Supreme Court of Alabama.
May 16, 1935.

O. E. Young, of Vernon, and S. T. Wright, of Fayette, for appellant.

Pennington & Tweedy, of Jasper, and Wilson Kelley, of Vernon, for appellee.

FOSTER, Justice.

Appellant owned and operated a sawmill at Fayette, Ala., where it had its main office. It owned much timber land situated in Lamar county. Appellee was engaged by Lee Newman to help him cut and skid timber from defendant's timber land to a point of concentration and load it on trucks. It was hauled to defendant's mill independent of contract with Newman. If Newman was an independent contractor, appellee was not an employee of appellant. We will refer to them as plaintiff and defendant. On the other hand, if Newman was one who did what "is commonly known as 'piece work,' or in any [some] way where the system of employment used merely provides a method of fixing the workman's wages," or if he performed "his work upon the employer's premises, and with the employer's tools or appliances and under the employer's directions," he is an employee as defined by section 7585, Code.

If he was such an employee, he was not an independent contractor. If it was such as that his employer contemplated the necessity of his having helpers in his work, the employment of those helpers did not make them the servants solely of the main employee, as contemplated by the Workmen's Compensation Law. It is not necessary that they shall have a claim against defendant for wages to enable them to come within the Workmen's Compensation Law. Their relation to it depends upon the relation of Newman. If Newman was an employee, and his employment with defendant contemplated the use of others, such as plaintiff, plaintiff was also an employee within that law.

Newman had been employed by one Cobb who had a similar contract. He had no funds nor equipment, and had been working as a laborer. The services required the use of a skidder which we understand to be a kind of tractor by which the timber was skidded to location. Cobb had purchased two skidders which were paid for by defendant and charged to him. Newman had no funds nor equipment, but agreed to purchase Cobb's outfit, by which defendant credited Cobb and charged Newman. Newman had no contract for any definite amount of timber to be handled. There was no time limit. The contract could be terminated by either at pleasure.

Defendant's foremen were frequently in the woods directing the lengths to be cut, criticizing the work, seeing that no waste or injury to other timber was done; that timber cut was of the right size; and that the land was cut clean.

When plaintiff was hurt, defendant wrote to the hospital referring to him as its employee, assumed and paid the hospital bill of $160, and charged it to Newman, though plaintiff had only earned and been paid $10.50, by check given by Newman, and defendant then knew that plaintiff was one of Newman's helpers.

This court has in more than one opinion referred to the case of State v. District Court of St. Louis Co., 128 Minn. 43, 150 N. W. 211. It was shown to be authoritative, since it was prior to our adoption of the Minnesota Workmen's Compensation Law. Ex parte W. T. Smith Lumber Co., 206 Ala. 485, 90 So. 807; Martin v. Republic Steel Co., 226 Ala. 209, 146 So. 276. The facts of that case are in all material respects similar to those we are considering. It was there shown that the fundamental test of whether the laborer was an employee or an independent contractor related to the right of control, and it was there stated, as it had been in many other Minnesota cases, that if there was no evidence that defendant reserved no control except an inference from the circumstances, the question was one for the jury.

In the instant case, that question is controlled by the circumstances without an expression in the contract. But all the circumstances should be considered, even when the contract makes clear provision for an absence

of such control, to ascertain if its stipulations are merely colorable to enable the master to evade liability to a servant under this law. Schneider on Workmen's Compensation, p. 286.

The facts of this case are not distinguishable in principle from those in Sloss-Sheffield Steel & Iron Co. v. Crim, 219 Ala. 148, 121 So. 408; Stith Coal Co. v. Alvis, 224 Ala. 603, 141 So. 663; Martin v. Republic Steel Co., 226 Ala. 209, 146 So. 276.

They have no similarity to those in the case of Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 149 So. 74.

As observed by the Minnesota Supreme Court, supra, the court would not set aside the verdict of a jury so finding on such evidence, and will not set aside the facts thus found by the court without a jury. Sloss-Sheffield Steel & Iron Co. v. House, 217 Ala. 422, 116 So. 167; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Ex parte W. T. Smith Lumber Co., supra.

The inference must be reasonable and based upon legal evidence. When there is such sufficient evidence, the fact that there may also be illegal evidence admitted is not a necessary cause for reversal. Sloss-Sheffield Steel & Iron Co. v. House, supra; Greek v. Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 92 So. 458; Woodward Iron Co. v. Bradford, supra; Republic Iron & Steel Co. v. Reed, 223 Ala. 617, 137 So. 673.

We think the finding of the court is amply supported by the legal evidence.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.