169 So. 337

## W. P. BROWN & SONS LUMBER CO. v. YARBROUGH.

### 6 Div. 958.

Court of Appeals of Alabama.

June 2, 1936.

Rehearing Denied June 30, 1936.

230

O. E. Young, of Vernon, and S. T. Wright, of Fayette, for appellant.

Wilson Kelley, of Vernon, for appellee.

**SAMFORD, Judge.**

The cause was tried in the circuit court before the judge, sitting without a jury. During the trial, there were many objections and exceptions to the admission of testimony, some of which, technically speaking, were erroneous, and, if the cause had been tried before a jury, would necessitate a review of these rulings. Where, however, the trial is before the court without a jury, it is not reversible error to admit incompetent evidence unless the remaining evidence on a material issue is conflicting. 2 Alabama and Southern Digest, Appeal and Error, ⊜1054 (1).

The trial court upon a consideration of the evidence found: "In this case the court finds the facts to be that plaintiff was an employee of the defendant company, that both parties were governed by the provisions of the Workmen's Compensation Law (Code 1923, § 7534 et seq., as amended); that plaintiff was injured and disabled as the result of an accident arising out of and in the course of his employment, of which accident and resultant injury, defendant had actual knowledge within not exceeding two weeks of its occurrence and that formal written notice was given to the defendant by the plaintiff within ninety days of the occurrence; that the injury to plaintiff resulted in his being totally disabled for a period of time which the court appraises to be six months." Then follow the nature of the disability and the amount of the compensation, including compensation for certain minor children.

This court has carefully considered the evidence in this record with reference to the liability of this defendant as an employer of the petitioner, and in the legal and competent evidence, as set out in this record, we can find no justification for the holding that the relation of employer and employee existed between the petitioner and the defendant at the time of the accident complained of.

It satisfactorily appears from the evidence that, while petitioner was engaged in working around a skidder that was being used for dragging logs that had been cut in a forest in Lamar county and assembling them at a convenient point for loading on trucks, a cable was attached to a log that was being drawn in, caught the top of a tree that had fallen to the ground, and, after dragging it along for a distance, the tree top was released and sprang backwards with considerable force, striking the petitioner and breaking his leg, totally disabling him for a period of time not exceeding six months, and resulting in permanent disability, the extent of which the

court found to be 40 per cent. of total loss of the use of the leg. It further appears that the officers and agents of defendant obtained knowledge of the accident and of the resulting injury to the petitioner at or within a few days after the occurrence, and that formal written notice of same and of the plaintiff's claim for compensation was given to them within ninety days. The other facts necessary to a recovery in this case sufficiently appear by the evidence to sustain the finding of the court except as to the principal question, that is, whether Lee Newman, who had supervision of petitioner at the time of the accident, was in the employ of defendant.

We do not think that the question as to whether or not Lee Newman was an independent contractor with the defendant enters into a consideration of this case at all. And therein lies the differentiation between the instant case and the case of W. P. Brown & Sons Lumber Co. v. Crossley, 230 Ala. 403, 161 So. 536.

In the Crossley Case, supra, it appears that the Brown Lumber Company owned and operated a sawmill at Fayette, Ala., where it had its main office. It owned much timber land situated in Lamar county. Crossley was engaged by Lee Newman to help him cut and skid timber from defendant's timber land to a point of concentration and load it on trucks. It was hauled to defendant's mill independent of contract with Newman. In that case the Supreme Court correctly held that the record disclosed sufficient evidence to support a finding by the circuit court that Newman was in the employ of the Brown Lumber Company, within the meaning of the Workmen's Compensation Law.

In the instant case a very different state of facts is presented. Lee Newman at the time of the injury in the Crossley Case was employed by the Brown Lumber Company in cutting and skidding its timber from its land under its direction and supervision, and he completed that contract before the accident here complained of occurred. All the witnesses agree that there was a lapse of time between the work being done by Newman at the time Crossley was hurt and the work in which he was engaged at the time petitioner in this case was hurt.

There were two tracts of timber, one known as the Wilson creek tract, owned by the Brown Lumber Company and logged by Newman for them under their direction; the other was a tract of timber at Hell's creek, which was not owned by the Brown Lumber Company, but had been bought from Ernest Newman, a cousin of Lee Newman, by Ed Jeffries. Jeffries made a contract with Lee Newman to cut the timber on the tract at Hell's creek and skid up into regular lengths, to be loaded and hauled by Jeffries. The Brown Lumber Company did not own the timber, had nothing to do with it, made no contract with Lee Newman, and, as testified to by Jeffries and every other witness having any knowledge of the transaction, "Brown Lumber Company had no connection with that transaction."

There is some evidence to the effect that the same outfit used by Newman in cutting and skidding the timber of the Brown Lumber Company from the Wilson tract was also used by Lee Newman in the cutting and skidding of the timber from the Hell's creek tract, but the evidence is without dispute that the title to the outfit, the skidder, and all of its accessories were the property of Lee Newman, and that the Brown Lumber Company owned no part in it and had no control over it. The evidence also discloses that the logs after they had been cut and skidded by Lee Newman were taken over by Jeffries and by him sold to the Brown Lumber Company, but that fact could not have any bearing on this case or tend to prove that Lee Newman was the employee of the Brown Lumber Company.

We are not unmindful of the rule as stated in the case of W. P. Brown & Sons Lumber Co. v. Crossley, 230 Ala. 403, 161 So. 536, that the question of employment is controlled by the circumstances without an expression in the contract, and that all the circumstances should be considered, even when the contract makes clear provision for an absence of such control, to ascertain if its stipulations are merely colorable to enable the master to evade liability to a servant under this law. But where, as here, there is no connection between the contractor and the defendant, the rule has no application, and the courts will not give a strained construction to the rule so as to give consideration to evidence having no bearing on the case. Inferences drawn from the evidence must be reasonable and based upon legal testimony.

Under the facts in this case and the decisions of the courts, as set out and cited

232

in the case of Martin v. Republic Steel Co., 226 Ala. 209, 146 So. 276, and following, the case of Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 149 So. 74, Lee Newman was an employee, within the meaning of the Workmen's Compensation Law, of Ed Jeffries. Up to that point, the facts in the case of W. P. Brown & Sons Lumber Co. v. Crossley, supra, and the instant case are analogous, but at that point the analogy ceases. Timber is an article of commerce, to be bought and sold under a contract as other personal property. Ed Jeffries was a dealer in logs; he bought and sold them independently, and the fact that he sold these particular logs to the Brown Lumber Company could not in any way affect his contract with Lee Newman. The evidence discloses two separate and distinct transactions, one a contract between Jeffries and Lee Newman in preparing the logs for market, the other the sale of the logs by Jeffries independently of the contract which he had made with Newman.

We recognize and have given due consideration to the findings of the trial court as decided in its decree, but, when the insistence is that there was no evidence offered and admitted by the trial court that supports the findings or when the facts recited in said statements or conclusions are too meager or omissive to fully inform in respect of the entire circumstances having relation to the point contested, the bill of exceptions may be resorted to on appeal to correct such errors as would thereby be made apparent. As was said by the court in Woodward Iron Co. v. Vines, 217 Ala. 369, 116 So. 514, 515: "the review by certiorari is upon questions of law, and among these is whether there is any legal evidence to support the findings of fact by the court." Upon a review of the entire evidence, this court is convinced that the plaintiff petitioner has failed to furnish satisfactory evidence of a contractual relation between the defendant and Lee Newman, who was the direct employee of the plaintiff. For this reason, the writ of certiorari is awarded, and the judgment of the circuit court is reversed, and the cause is remanded.

Writ awarded; judgment of circuit court reversed, and cause remanded.