172 So. 608

## TUSCALOOSA VENEER CO. et al. v. MARTIN.

### 6 Div. 10.

Supreme Court of Alabama.

Jan. 7, 1937.

Rehearing Denied March 4, 1937.

Livingston & Livingston, of Tuscaloosa, for appellee.

London & Yancey and B. F. Smith, both of Birmingham, for appellants.

KNIGHT, Justice.

C. J. Martin filed his complaint in the circuit court of Tuscaloosa county against the Tuscaloosa Veneer Company and others, to recover compensation, under the Workmen's Compensation Law of Alabama (Code 1923, § 7534 et seq., as amended), for an accidental injury, which he alleged he received while in the employment of the said defendants, and which injury he alleged he received by reason of an accident arising out of, and in the course of his employment.

Upon the trial of the cause it was agreed in open court by and between counsel for the parties that the only question involved in the case was, whether or not the plaintiff was an employee of the defendants, or an independent contractor, at the time of the alleged injury, and all other questions were eliminated, except the amount of compensation the plaintiff was entitled to, if any. We may here state that no argument is submitted here to show that the amount awarded was excessive, but the entire brief of counsel is directed to the supposed error of the court in holding that the plaintiff, under the evidence, was an employee within the meaning of the Work-

men's Compensation Law of Alabama, and not an independent contractor.

The court found, upon the evidence submitted, that the plaintiff, on the day he received his injuries, was employed by, and working for the defendants, and that his injuries were caused by an accident arising out of, and in the course of his employment, and that he was entitled to compensation, as provided in and by the Alabama Workmen's Compensation Act. That the relation created by the contract between the plaintiff and defendants was that of employer and employee, and not that of an independent contractor. The finding of fact in this regard is stated by the court in the following language: "The employer's answer sets up as a defense that the plaintiff was an independent contractor and was not an employee of the defendants, however, the court is of the opinion that the plaintiff fully established his employment by the defendants, the evidence showing that the defendant, O. E. Howell, carried plaintiff to the tract of timber, showed him where to begin cutting, what timber to cut first, where to cut next and directed plaintiff as to which and what timber he should cut and the order in which it was to be cut, and that he was an employee under the Workmen's Compensation Act and not an independent contractor at the time of said injury, and that the defendants did not establish its defense, but that plaintiff is entitled to compensation and expenses as an employee herein decreed him."

It is here earnestly insisted by petitioners that the court erred in holding that the said Martin, under the evidence, was an employee and not an independent contractor, and that the court's finding, in this regard, has no support in the evidence.

In order that this court may determine for itself whether or not there was any evidence to support the court's findings, the petitioners along with the petition have presented a bill of exceptions, which purports to set out all the evidence in the case.

Other than the agreement of counsel noted above, and a check for $6.42 drawn by defendants to the order of plaintiff, the only testimony in the case was given by Martin, the employee. The defendants offered no evidence.

The testimony of the plaintiff tended to show that he applied to O. C. Howell, a member of the partnership of the Tuscaloosa Veneer Company, for a job of cutting timber on or about May 1, 1935; that

Howell told him that he had nothing for him to do at that time, but said to plaintiff to come again to see him when he was in town. After some little time, plaintiff went back to Howell, and the latter then stated to plaintiff, "I think we can get together, I think I have some timber for you to cut," and when asked by plaintiff where the timber was, Howell told him it was at Beavers pond.

The bill of exceptions then recites: "He (Howell) told me whose timber it was. He said 'have you got tools,' and I said everything. I said I had everything but a saw. With reference to the saw he said I will give you an order to Allen & Jemison and you can get the saw and carry it with you, I told him I had no way to go except on the train, and it was not handy to carry the saw. I don't know when this was. It was a week before I was hurt. Mr. Howell said 'When I get ready for you to go to work, I will bring the saw and carry you down there.' The next I saw him was on Tuesday, when he came and got me and said 'I reckon we will go down there' and I got in the car, and he showed me the line, and he came back, and he said cut this so we can pull it up the hill and when it gets dry enough to go under the bank, we can go in there with the trucks. As to whether he told me where to go when I finished cutting that part, he said cut back farther when it gets dry. He brought me a saw and wedge and turned them over to me. In reference to what conversation took place with reference to the implements he brought and turned over to me and told me to use, he told me, 'you will have to get a saw,' and he said 'I will hold out so much per thousand, and I will take it out.' He would pay me so much per thousand feet, that is seventy-five cents per thousand. As to what was said between Mr. Howell and me with reference to cutting the timber, he said 'If I get logs from other places, we may cut thirty or sixty days; but if I get some others, we may go away from here.' He said he was cutting this timber because he was up with his logs. They were bringing the logs that I cut to the veneer plant here; the plant Mr. Howell operates down here. I started to work on Tuesday and the accident occurred on Friday—the Friday after I started to work on Tuesday."

The testimony, without dispute, showed that plaintiff went to work on Tuesday, cut two trees on that day, and was injured on the following Friday. Neither Howell, nor

any other person for Howell, or the company, went back to see about the cutting of the timber from the time plaintiff began the cutting to the time of the accident on Friday. There was no agreement as to how long the arrangement with the plaintiff was to continue, and the plaintiff could begin or quit as he pleased. Defendant did not have a "woods foreman" or anybody to see what time plaintiff began or quit work. Plaintiff hired and paid his own helper.

Whatever contract plaintiff had with the defendants was created by what is stated above.

Section 7596 of the Code defines the term "employer," as used in the workmen's compensation statute, to mean every person not excluded by section 7543, who employs another to perform a service for hire and to whom the "employer" directly pays wages, and shall include any person or corporation, co-partnership or association, or group thereof, and shall, if the employer is insured, include his insurer as far as applicable, and shall not include one who employs a number less than sixteen in any business.

This court, prior to the adoption of our Workmen's Compensation Law, in determining whether the contract between the parties created the relation of an independent contractor, applied the principles which prevailed at common law. But, in obedience to the provision of this act, we have uniformly applied the definition given by the statute in determining whether the relation of employer and employee, or of an independent contractor was created by the contract between the parties. Martin v. Republic Steel Co., 226 Ala. 209, 146 So. 276; Sloss-Sheffield S. & I. Co. v. Crim, 219 Ala. 148, 121 So. 408; Reed v. Ridout's Ambulance, Inc., 212 Ala. 428, 102 So. 906; Stith Coal Co. v. Alvis, 224 Ala. 603, 141 So. 663; Ex parte W. T. Smith Lumber Co., 206 Ala. 485, 90 So. 807.

It is here insisted, inter alia, that, inasmuch as the plaintiff was to be paid for his work at 75 cents per thousand feet of all timber cut, that he was to furnish his tools, that the defendants did not in the contract reserve the right to supervise and control plaintiff as to the manner and means of performing the work, or as to the number of persons to be employed by plaintiff, or the wages to be paid them by the plaintiff, and no control over the employees of plaintiff was reserved to defendant by the contract, the plaintiff was an independent contractor, and not an employee coming within the provisions of the Workmen's Compensation Law.

In the first place, we may say that there is not a word in the contract with reference to the employment of help by the plaintiff, as pointed out in the case of W. P. Brown & Sons Lumber Co. v. Crossley, 230 Ala. 403, 161 So. 536, that if the contract was such as to constitute the plaintiff an employee, and it (the contract) contemplated the necessity of the employment by the employee of helpers, this employment by plaintiff of helpers would not make them servants solely of the main employee, as contemplated by the Workmen's Compensation Law. If the plaintiff was in fact an employee, and not an independent contractor, and his employment with the defendants contemplated the help of others, such helpers would also be employees of the defendants within the provisions of the Workmen's Compensation Law.

The fact that the agreed compensation to be paid the employee was fixed at 75 cents per thousand feet of timber cut is without real moment in determining the question here presented. The work petitioners' employee was engaged to do may properly be classed as piecework, but this did not make him an independent contractor. 1 Honnold on Workmen's Compensation, p. 213; Martin v. Republic Steel Co., supra; Ex parte W. T. Smith Lumber Co., supra.

Nor does the failure of the contract to provide for supervision and control of the employee, alone, determine the question of whether the relation established between the parties is that of employer and employee, or of an independent contractor.

This court is fully committed to the proposition that it is the reserved right of control rather than its actual exercise that furnishes the true test of whether the relation between the parties is that of an independent contractor, or of employer and employee—master and servant. Martin v. Republic Steel Co., supra; Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 149 So. 74; W. P. Brown & Sons Lumber Co. v. Crossley, supra.

Likewise this court, following a similar holding of the Minnesota Supreme Court, in the case of State ex rel. Virginia & Rainy Lake Company v. District Court of St. Louis County et al., 128 Minn. 43,

150 N.W. 211, is firmly committed to the proposition that if there is no evidence that defendant reserved no control, except an inference from the circumstances, the question was one for the jury. Ex parte W. T. Smith Lumber Co., supra; W. P. Brown & Sons Lumber Co. v. Crossley, supra.

Inasmuch as there is no expression in the contract, now before us, as to supervision and control, the question must be determined by the circumstances of the case.

The learned trial court upon a consideration of all the evidence has found that the relations of employer and employee, and not of an independent contractor, existed between plaintiff and the defendants at the time the plaintiff received his injuries, and on a review of the evidence, as set out in the bill of exceptions, we are of the opinion that there was some inferences to be drawn from the evidence tending to support the finding of the trial court. We will not, therefore, under our uniform ruling, disturb the findings of the trial court. On this appeal no other question is argued, and we have confined our opinion to the single question here argued.

It therefore follows that there is no error in the record, and the writ prayed for must be, and is, denied.

Writ denied. Judgment affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.