41 So.2d 288

## RIDDLE v. SMITH.

### 6 Div. 852.

Supreme Court of Alabama.
June 16, 1949.

Curtis, Maddox & Johnson, of Jasper, for appellant.

John A. Posey, of Haleyville, and Elliott & Petree, of Jasper, for appellee.

SIMPSON, Justice.

Review by certiorari of a judgment in a workman's compensation suit wherein the court denied compensation to the plaintiff on the ground that he was not an employee of the defendant.

On the authority of such cases as Tuscaloosa Veneer Co. v. Martin, 233 Ala. 567, 172 So. 608; Brown & Sons Lumber Co. v. Crossley, 230 Ala. 403, 161 So.

536; Western Union Telegraph Co. v. George, 239 Ala. 80, 194 So. 183; De-Bardeleben Coal Corp. v. Richards et al., 251 Ala. 324, 37 So.2d 121, it is argued with some merit by able counsel for petitioner that the evidence was substantial to support a contrary finding to the effect that the plaintiff was an employee of the defendant within the meaning of the law in such cases.

■ But, in this character of review, we are not dealing with the weight of the evidence, but merely whether there was any evidence to sustain the finding and if, on any reasonable view thereof, there is support in the evidence of such conclusion, that finding and judgment will not be disturbed. Majors v. Jackson Lumber Co., 244 Ala. 418, 13 So.2d 885; Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 3 So.2d 46; Warrior Stone & Contracting Co. v. DeFoor, 241 Ala. 227, 2 So.2d 430; Benoit Coal Mining Co. et al. v. Moore et al., 215 Ala. 220, 109 So. 878; Bell v. Tennessee Coal & Iron Co., 240 Ala. 422, 199 So. 813.

So considered, the judgment must be affirmed, since there was evidence adduced on the part of the defendant to sustain the conclusion reached by the trial court.

■ True, this court is committed to the principle that the factor in determining the relationship in such a case is that of employee or independent contractor is the reserved right of control by the person for whom one is working over the means and agencies by which the work is accomplished or over the means and agencies by which the result is produced, rather than the actual exercise of such control. Tuscaloosa Veneer Co. v. Martin, supra; Western Union Telegraph Co. v. George, supra.

And if by reason of such reserved right of control the workman was such an employee within the meaning of the statute and the work was such that it was reasonably contemplated by the employer that it would be necessary for him to have helpers in the work, the employment of such helpers would not make them servants solely of the main employee, but also an employee of the employer within the meaning of the workmen's compensation law. Brown & Sons Lumber Co. v. Crossley, supra, 230 Ala. 404, 161 So. 536, and cases cited.

But that was only the tendency of the evidence to support the plaintiff's case. The evidence for the defendant was just to the contrary. By his own testimony it was proven for the defendant that the plaintiff's brother, who employed the plaintiff, was an independent contractor of the defendant, who procured the contract to cut the timber at $4.50 per 1000 feet. This brother, according to the evidence for the defendant, had full control and supervision over the work and those who worked for him, furnished his own tools and did the cutting when he pleased and was subject to no supervision or control by anyone except that the Forestry Department of the United States Government, which owned the timber, and Clancy Lumber Company, which had leased the tract for harvesting the timber, specified the lengths of the cutting and the height of the stumpage; and though it was claimed by the plaintiff that Archie Smith was in control of and superintending the work for the defendant, the defendant's testimony was that he was merely a scaler to estimate the amount of the timber cut and to pay the plaintiff's brother what was due him under his contract.

■ This and other testimony of like import was credited by the trial court as substantial, on the basis of which was the finding that the plaintiff's brother was an independent contractor and not an employee of the defendant, thereby rendering the plaintiff an employee of the independent contractor, his brother, and not of the defendant.

Under the long-established rule of review adverted to above, we are bound by the conclusion reached and must affirm the holding.

Affirmed.

BROWN, FOSTER, and LIVINGSTON, JJ., concur.