121 So.2d 894

**Fred Norman WEEKS**

v.

**C. L. DICKERT LUMBER COMPANY et al.**

**4 Div. 995.**

Supreme Court of Alabama.
June 30, 1960.

Tipler & Fuller, Andalusia, for appellant.

714

Prestwood & Prestwood, Andalusia, for appellees.

LAWSON, Justice.

This is a workman's compensation case wherein Fred Norman Weeks is the plaintiff and C. L. Dickert Lumber Company, a partnership, hereinafter referred to as Dickert, is the defendant.

Weeks was injured on August 8, 1956, while loading logs on a truck. The logs belonged to Dickert. But Dickert took the position that Weeks was not its employee, but an employee of one Dewey Adams, with whom Dickert had contracted to cut a tract of timber and to haul the logs to Dickert's mill.

The trial court held that Weeks was not an employee of Dickert at the time of his injury and denied compensation.

We granted certiorari on Weeks' petition to review the judgment of the trial court.

The crucial question for decision was whether Adams was an employee of Dickert or an independent contractor. If Adams was an employee of Dickert and it was contemplated by Dickert that Adams employ others to help him in the logging operations, the others so employed, including Weeks, would be employees of Dickert within the meaning of the Workmen's Compensation Law. Riddle v. Smith, 252 Ala. 369, 41 So.2d 288; Brown & Sons Lumber Co. v. Crossley, 230 Ala. 403, 161 So. 536, and cases cited.

This court is committed to the proposition that it is the reserved right of control rather than its actual exercise that furnishes the true test of whether the relationship between the parties is that of an independent contractor or of employer and employee—master and servant. Tuscaloosa Veneer Co. v. Martin, 233 Ala. 567, 172 So. 608, and cases cited; C. E. Adams & Co. v. Harrell, 257 Ala. 25, 57 So.2d 83; Tidwell v. Walker County Min. & Inv. Co., 256 Ala. 574, 56 So.2d 641.

For one to be an employee, the other party must retain the right to direct the manner in which the business shall be done, as well as the result to be accomplished or, in other words, not only what shall be done, but how it shall be done. General Exchange Ins. Corp. v. Findlay, 219 Ala. 193, 121 So. 710; Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 149 So. 74; Western Union Telegraph Co. v. George, 239 Ala. 80, 194 So. 183.

The trial court found that Weeks received his pay from Adams and concluded on that finding alone that Weeks was not an employee of Dickert. The trial court then, on its own motion, amended its finding of fact so as to include the following findings:

"* * * that the defendants, C. L. Dickert Lumber Company, a partnership composed of C. F. Dickert, J. R. Dickert, H. J. Dickert, L. L. Dickert, G. B. Weston; C. F. Dickert, J. R.

Dickert, H. J. Dickert, L. L. Dickert, and G. B. Weston on August 8, 1956, had the right to control the activities of Dewey Adams in the cutting of timber, and on many occasions did exercise this right of control; that the said defendants furnished a part of the equipment being used by Dewey Adams on said date, and told Dewey Adams when and where to cut timber; that the defendants paid Dewey Adams at the rate of a specified amount per thousand of board feet cut and delivered at defendant's mill * * *"

The findings of the trial court quoted above do not indicate that Dickert's right of control which it found to exist extended only to the result to be accomplished, that is, as to the tract of timber to be cut and the type of timber to be cut. We cannot say that the trial court did not intend to find that Dickert had reserved the right and had in fact exercised the right to dictate to Adams how the work should be done.

If such was the intention of the trial court, its conclusion that Weeks was not an employee of Dickert could not be supported solely on the theory that Adams was the person who manually delivered to Weeks his compensation.

■ We recognize the rule that where the recitals of special findings of fact as made by the trial judge are meager and omissive, we may go to the transcript of the evidence included in the record.

We have read the transcript of the evidence and are unwilling to write into the trial court's findings of fact limitations that are not expressed therein.

■ In view of the fact that the findings of fact are subject to a construction to the effect that Dickert did have the right to control Dewey Adams in the manner in which his work was done and did in fact exercise that right, we do not feel that the conclusion that Weeks was not an employee of Dickert should be permitted to stand.

We are of the opinion that this cause should be reversed and remanded to the trial court for further proceedings.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY, GOODWYN, MERRILL and COLEMAN, JJ., concur.