[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 237 
This is a workmen's compensation case.
Defendant appeals from the trial court's award of death benefits to plaintiff, mother of the deceased. We affirm.
In brief summary, testimony most favorable to plaintiff was: The deceased was hired in May 1976 by Ronald Barron to help install a fence for American Tennis Courts, Inc. (American) on a tennis court construction project at Williamson High School in Mobile. He was injured when some of the fencing wire used on the job fell, striking him in the back near his left shoulder blade. Over the next few days his left arm became swollen and he sought medical attention. He was admitted to the hospital on May 11, 1976, and died in the hospital on May 19, 1976. The medical testimony was that the cause of death was a cardiopulmonary arrest which resulted from some type of infectious process.
American, through very able counsel, raises several issues on appeal. In considering these issues and the trial court's handling of them, we are guided by certain well-established principles of review. The Workmen's Compensation Act should be given a liberal construction to accomplish its beneficient purposes, and all reasonable doubts must be resolved in favor of the employee. Riley v. Perkins, 282 Ala. 629, 213 So.2d 796
(1968). Further, in reviewing judgments in workmen's compensation cases, this court will not look to the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evidence to support the findings of the trial court. Davis-Day Timber Company, Inc. v. Gentry,54 Ala. App. 385, 309 So.2d 97 (1975).
American contends that the deceased was not an employee of American but was an employee of Ronald Barron, an independent contractor. In support of this contention, American points out that they did not pay wages directly to the deceased, citing §25-5-1 (4), Code of Alabama (1975). American argues that the fact that deceased received his wages from Ronald Barron is conclusive evidence that deceased was an employee of Barron and not American. We do not agree. This court has recognized that the statutory definition of employer is not the only basis for determining the relationship of employer and employee. Craig v.Decatur Petroleum Haulers, Inc., 340 So.2d 1127 (Ala.Civ.App. 1976).
The controlling question here is the relationship of Barron to American. If Barron was an independent contractor as American contends, then deceased could not have been an employee of American. The test to be used in determining the relationship of Barron to American is whether American had a reserved right of control over the means and agencies by which the work was done or the result produced, not the actual exercise of such control. Tuscaloosa Veneer Co. v. Martin,233 Ala. 567, 172 So. 608 (1937). If Barron is found to be an employee under this test and it was reasonably contemplated by American that it would be necessary for him to have helpers in his work, the employment of such helpers would make them employees of American within the meaning of the Workmen's Compensation Law. Riddle v. Smith, 252 Ala. 369, 41 So.2d 288
(1949). American admits that it knew it would be necessary for Barron to have at least one helper to do the work they had hired him to do and that they were aware that he had hired the deceased. They argue, however, that they had no reserved right of control, either express or implied, over the manner in which the work was done. There is evidence in the record to support this contention. There is also evidence in the record that American often inspected Barron's work; that he used American's equipment and that American supplied most of the materials for the job. Barron had worked for American as a payroll employee prior to being given the job of erecting the fence on this job at a price per linear foot. He was *Page 238 
given the job without bidding and was not listed as a subcontractor as required by the terms of American's prime contract with the City of Mobile. Where there is no direct evidence of right of control, the issue is to be determined by looking at the circumstances of the employment. The answer is for the trier of fact. Tuscaloosa Veneer Co. v. Martin,233 Ala. 567, 172 So. 608 (1937). There is evidence in the record to support the trial court's determination that the deceased was an employee of American. We find no error here.
American next contends that there was no evidence relating the cause of death to an accident arising out of and occurring in the course of deceased's employment. Deceased's sister testified that she saw a roll of fencing wire fall and hit her brother on the Friday before he was hospitalized. Both the sister and plaintiff testified that deceased came home from work that day with deep scratches on his back and shoulder. Although the medical testimony relating to cause of death is confusing, the attending physician stated that in his opinion there was a relation between the injury and deceased's subsequent illness and death. This court on review does not look to the weight of the evidence. Davis-Day Timber Company,Inc. v. Gentry, supra. Having found evidence to support the trial court's determination that deceased's death was related to an accident arising out of and in the course of his employment, we find no error in that determination.
We find no merit in American's contention that the trial court erred in finding that deceased's injury was not a result of voluntary intoxication. Where the employer raises intoxication as a defense to a workmen's compensation claim, it has the burden of establishing the intoxication. Lankford v.Redwing Carriers, Inc., 344 So.2d 515 (Ala.Civ.App. 1977). After a careful review of the record, we cannot say that the trial court erred in finding that American has not met that burden.
American next contends that plaintiff does not qualify as a partial dependent of the deceased under § 25-5-64, Code of Alabama (1975) and therefore should have been denied compensation. Section 25-5-64 defines a partial dependent as "[a]ny member of a class named in section 25-5-62 who regularly derived part of his support from the earnings of the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto. . . ." The only evidence that plaintiff derived part of her support from the earnings of the deceased was the testimony of plaintiff that the deceased had given her thirty-five dollars each week during the four months prior to his death. This testimony was objected to at trial as violating the Dead Man's Statute. § 12-21-163, Code of Alabama (1975). American again raises this issue on appeal. An analogous situation was presented to the Alabama Supreme Court in Baggett v. Sellers, 282 Ala. 235, 210 So.2d 796 (1968). In that case the court held that the Dead Man's Statute does not apply to wrongful death actions because the estate of decedent is not interested in the result since the recovery must be distributed according to statute. Similarly, in a death action under the Workmen's Compensation Act the recovery is distributed to beneficiaries determined by statute and not to the estate. Therefore, we hold that the Dead Man's Statute does not apply and the testimony was legally admitted.
American also argues that plaintiff did not derive support from deceased for a reasonable time before his death. What constitutes a reasonable time is a conclusion of fact. If deceased was contributing to support of the plaintiff at the time of his death and for such time prior to it as to raise a reasonable inference that he would continue, this is a reasonable time. Ex parte Woodward Iron Co., 211 Ala. 111,99 So. 649 (1924). As noted above, plaintiff testified that deceased had contributed to her support for four months prior to his death. We will not disturb the trial court's finding that this was a "reasonable time" as contemplated by the statute.
American contends that there was a failure to give notice as required by *Page 239 
§ 25-5-78, Code of Alabama (1975). The evidence is without conflict that American received written notice of the injury and claim for compensation in a letter dated June 10, 1976, some twenty-two days from the date of death. There is evidence that plaintiff notified American's president, Jim Hasser, of the injury in a telephone conversation on the Monday following the accident. In the case of Speigner v. McGhee, 55 Ala. App. 384, 316 So.2d 215 (1975), on similar facts, this court held that oral notice which places the employer on notice that an accident had occurred and that a resultant injury of some degree had occurred was sufficient to satisfy the requirements of the statute. We consider that there was legal evidence to support the trial court's finding that the notice requirement was satisfied.
American raises a number of instances where the court heard what American considers to be illegal evidence. In a workmen's compensation case where there is legal evidence to support the findings of the trial court, this court will not consider questions regarding the trial court's rulings on objections to the admission of evidence, unless there is such a substantial quantity of illegal evidence as tends to indicate influence upon the court's conclusions. Young v. City of Huntsville,342 So.2d 918 (Ala.Civ.App. 1976); Odell v. Myers, 52 Ala. App. 558,295 So.2d 413 (1974); Defense Ordinance Corp. v. England,52 Ala. App. 565, 295 So.2d 419 (1974). Thus, we do not reach the questions raised by American.
Finally, American contends that the trial court erred in the amount of compensation awarded to plaintiff. The applicable provisions of the Workmen's Compensation Act are found in §25-5-60, Code of Alabama (1975). We see no need to go through the step-by-step calculations necessary to determine the appropriate amount of compensation. It is sufficient that we find the trial court to have correctly applied the statute.
We find the trial court's holding to be supported by legal evidence and affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.