THIGPEN, Judge.
This is a workmen’s compensation case.
Scott Paper Company, Inc. (Scott), purchased a tract of timber, and in May 1989, Scott hired Gary Davidson Logging (Davidson) to cut the marked timber and to deliver *544 it near the river, where it would be loaded on Scott’s barge for shipment to Scott’s plant in Mobile. Davidson employed Leonard Weaver as a chainsaw operator. Weaver was injured on the job in June 1989, and in November 1989, Weaver filed a claim for workmen’s compensation benefits against Davidson and Scott, contending that he was their employee. Scott denied that Weaver was its employee, contending that Davidson was an independent contractor and that Weaver was Davidson’s employee.
Davidson failed to appear, and a default judgment was entered against him. Following discovery, Weaver amended his complaint to assert a count for breach of contract, claiming that he was a third-party beneficiary of the contract between Scott and Davidson, wherein Davidson had agreed to furnish workmen’s compensation insurance for his employees and to file a certificate of insurance with Scott prior to performing any work.
Following ore tenus proceedings, the trial court found that Weaver was not an employee of Scott, but that Weaver was an employee of Davidson; however, the trial court also found that Scott had breached its contract with Davidson by failing to require Davidson to provide evidence of insurance, and that Weaver was a third-party beneficiary of that contract. The trial court concluded that Weaver was entitled to recover workmen’s compensation benefits from both Davidson and Scott; hence, this appeal.
On appeal, Scott first avers that the trial court committed reversible error by imposing workmen’s compensation liability on Scott under a third-party beneficiary theory. Second, Scott contends error by the trial court in awarding certain medical expenses in the absence of evidence that the charges were reasonable. Weaver cross-appeals, asserting that the trial court erred in finding that Weaver was not an employee of Scott because, Weaver asserts, Scott supervised, inspected, and controlled the work performed by Weaver and his co-employees.
Appellate review in workmen’s compensation cases is a two-step process. Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). In ore tenus cases, however, this review applies only to the trial court’s findings of fact, not its conclusions of law. Ex parte Cash, 624 So.2d 576 (Ala.1993). The trial court found that Weaver was not an employee of Scott. Weaver argues that no reasonable view of the evidence supports the trial court’s finding.
The evidence is undisputed that Davidson was hired by Scott, either as an employee or as an independent contractor, to harvest the timber for Scott and to transport it to the riverbank. While there was testimony from Scott’s witnesses that Davidson was an independent contractor, there was no evidence produced evidencing an executed contract between the parties. Additionally, Scott’s witnesses testified that independent contractors were not allowed to be on the property or to begin work unless their certificate of workmen’s compensation insurance was on file with Scott. A search of Scott’s records produced no such certificate.
The trial court admitted into evidence an unexecuted contract requiring Davidson to obtain workmen’s compensation insurance to establish the third-party beneficiary contract; nevertheless, the trial court properly excluded it from evidence regarding whether Davidson was an independent contractor as asserted by Scott in its answer. Thus, the crucial question was whether Davidson was an employee of Scott or an independent contractor. If Davidson was an employee of Scott and it was contemplated that Davidson would employ others to help him in the logging operations, the others so employed, including Weaver, would be employees of Scott within the meaning of the workmen’s compensation law. Weeks v. C.L. Dickert Lumber Co., 270 Ala. 713, 121 So.2d 894 (1960).
It is without dispute that there exists no executed contract between Scott and Davidson. Scott’s operations manager, Harry Sar-anthus, testified that he normally signed such contracts, but that he could not testify that *545 he or Davidson signed the contract in question. He stated that generally, the, contracts were executed in triplicate, with copies for the contractor, for Saranthus’s files, and for Scott’s accounting office for payment purposes. After a search of Scott’s records, no executed copy was found. Saranthus testified that Scott annually purges inactive files, yet Scott furnished the trial court with a copy of an additional, yet different executed contract between Scott and Davidson for 1988.
Scott alleges that the contract in question was entered into in May 1989. Weaver was injured in June 1989, and he filed this suit in November 1989. If such a contract existed, it is apparently Scott’s position that the contract was purged from Scott’s files sometime between October 1989 and June 1990, when Scott commenced a search of its records for the contract and certificate of insurance. Based upon this testimony and the evidence presented, we conclude that no reasonable view of the evidence supports the existence of such a contract necessary to create the relationship of an independent contractor.
Scott contends that it did not supervise, hire, or have the right to fire or control Davidson’s employees. The failure of the contract to provide for supervision and control of the employee, alone, does not deterT mine whether the relationship established between the parties is that of employer and employee, or of an independent contractor. Tuscaloosa Veneer Co. v. Martin, 233 Ala. 567, 172 So. 608 (1937). “This court is fully committed to the proposition that it is the reserved right of control rather than its actual exercise that furnishes the true test of whether the relation between the parties is that of an independent contractor, or of employer and employee — master and servant.” Tuscaloosa Veneer, 233 Ala. at 570, 172 So. at 611. Thus, if Davidson’s relationship with Scott was not as an independent contractor, then he was an employee at will. An employment contract at will may be terminated by either party, with or without cause or justification, and a discharge may be for a good reason, a wrong reason, or for no reason at all. Reich v. Holiday Inn, 454 So.2d 982 (Ala.1984).
It is without dispute that Davidson hired and fired laborers to assist him, worked when he chose, and was paid in accordance with the agreement with Scott. He furnished his own tools and no officer or employee of Scott exercised any actual superintendence over the manner in which Davidson performed his work; however, in the absence of a contract creating the independent contractor status, Scott could terminate Davidson’s employment contract at any time. “This reserved right to terminate the contract in the events enumerated ... negatives the idea that the petitioner was an independent contractor. The true criterion is not whether the owner did in fact exercise supervision, but rather did he have the right to do so; did he possess the power to control?” Martin v. Republic Steel Co., 226 Ala. 209, 212,146 So. 276, 279 (1933). (Emphasis added.)
While Martin, supra, refers to a clause in a written contract between the parties, we think the same analogy applies in a case, such as here, where there exists no written contract. We have reviewed all of the evidence, including the transcript, and we have found ample evidence to support a finding that Scott reserved the right to control, supervise, hire, and fire Davidson. Scott and its employees periodically inspected the area and set out specifications and requirements for the cutting and harvesting of the timber. The evidence is undisputed that Scott knew about and contemplated the necessity of Davidson’s having helpers in his work; thus, if Davidson was an employee of Scott, then the others so employed, including Weaver, would be employees of Scott within the meaning of the workmen’s compensation law. Weeks, supra.
No reasonable view of the evidence supports the findings of the trial court that Weaver was not an employee of Scott; however, in view of the trial court’s decision awarding workmen’s compensation benefits to Weaver on the theory that Weaver was a third-party beneficiary of the contract between Scott and Davidson, we note the rule that a judgment must be affirmed if it is proper on any basis, even if the trial court *546 entered the judgment for a wrong reason. Tucker v. Nichols, 431 So.2d 1263 (Ala.1983).
Scott’s issue regarding the reasonableness of the medical charges is without merit. An employer must pay reasonable and necessary medical expenses. Ala.Code 1975, § 25-5-77. Record evidence supports the trial court’s determination regarding medical expenses.
Having found that no contract existed establishing Davidson as an independent contractor, this court pretermits addressing further issues raised by the parties.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.