PER CURIAM.
Kenneth Street sued Rogersville United Methodist Church (the “local church”) and the North Alabama Conference for the United Methodist Church, for workers’ compensation benefits. Street dismissed the local church as a defendant because it regularly employs fewer than five workers, and, therefore, is not subject to the Workers’ Compensation Act. See § 25-5-50, Ala.Code 1975. The North Alabama Conference moved for a summary judgment, contending that the local church, not the Conference, is to be considered Street’s employer. The trial court entered a summary judgment for the Conference, holding that the Conference was not Street’s employer, and, therefore, that Street was not entitled to receive workers’ compensation benefits from the Conference. Street appeals.
A summary judgment may be entered only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala.1994). The burden is on the moving party to show that there is no material fact in dispute; the evidence is to be viewed in the light most favorable to the nonmovant, and all reasonable inferences are to be drawn in that party’s favor. Id.
Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975. See Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). To defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The Workers’ Compensation Act defines an “employer” as “[e]very person who employs another person to perform a service for hire and pays wages directly to the person.” § 25-5-1(4), Ala.Code 1975. This court has further defined “employer” as follows (substituting the names of the present parties):
“The controlling question here is the relationship of [Street] to [the North Alabama Conference].... The test to be used in determining the relationship of [Street] to [the North Alabama Conference] is whether [the North Alabama Conference] had a reserved right of control over the means and agencies by which the work was done or the result produced, not the actual exercise of such control. Tuscaloosa Veneer Co. v. Martin, 233 Ala. 567, 172 So. 608 (1937).”
American Tennis Courts, Inc. v. Hinton, 378 So.2d 235, 237 (Ala.Civ.App.1979).
Street was the minister of the local church. It is undisputed that he was injured in an automobile accident; that as a result of his injuries he is disabled; and that the accident occurred while he was acting in the line and scope of his employment. He currently receives a disability pension from the General Board of Pensions and Health Benefits of the United Methodist Church, and he also receives Social Security disability benefits.
In opposition to the North Alabama Conference’s motion for a summary judgment, Street presented evidence indicating the following: The North Alabama Conference and the Bishop’s Cabinet have the final say as to which local church an individual minister will be placed in. The Conference establishes a minimum salary for the ministers, and if a local church cannot pay the minimum salary, then the Conference will pay the minister. A committee within the Conference administers the ministers’ pension plans. Groups and subdivisions within the Conference — not the local church — were responsible for ensuring that Street’s preaching was in accordance with the Book of Disciple, an organizational guide for Methodist *1171 Churches. It was shown that such groups made visits to the local churches. Furthermore, the local church did not set the standards for Street’s role as a minister; the local church was unable to hire or fire Street; and it was not responsible for seeing that Street carried out his duties. Moreover, it was shown that the Conference actually owned the land and the residence where Street resided and that the Conference allowed Street to live at this residence while he was the minister at the local church.
As stated above, on review of a summary judgment, we are required to view the record in a light most favorable to the nonmovant and to resolve all reasonable doubts in favor of the nonmovant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990). The nonmovant is not required to “prove” his case in order to defeat a summary judgment motion; he is required only to present in support of his position substantial evidence creating a genuine issue of material fact.
Viewing the record in a light most favorable to Street, as we must, we conclude that Street presented substantial evidence creating a genuine issue as to whether the North Alabama Conference reserved a right of control over the manner in which Street performed his ministerial duties. Therefore, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES and MONROE, JJ., concur.
ROBERTSON, P.J., and CRAWLEY and THOMPSON, JJ., concur in result.