13 So.2d 885

## MAJORS v. JACKSON LUMBER CO.

### 4 Div. 285.

Supreme Court of Alabama.

June 5, 1943.

Powell & Fuller, of Andalusia, for appellant.

Frank J. Mizell, Jr., of Andalusia, for appellee.

LIVINGSTON, Justice.

J. M. Majors filed his complaint in the Circuit Court of Covington County against Jackson Lumber Company, a corporation, to recover compensation under the Workmen's Compensation Law of Alabama (Code of 1923, sections 7534 et seq., as amended, Code 1940, Tit. 26, § 253 et seq.), for an accidental injury, which he alleged he received while in the employment of the defendant, and which injury he alleged he received by reason of an accident arising out of and in the course of his employment.

Defendant filed its answer, asserting therein that plaintiff was not its employee but was the employee of its independent contractor, one D. M. Hartzog.. If Hartzog was an independent contractor, plaintiff was not an employee of defendant. On the other hand, if Hartzog performed his work "upon the employer's

premises, and with the employer's tools or appliances and under the employer's directions," or is "one who does what is commonly known as 'piecework,'" or "in any (some) way where the system of employment used merely provides a method of fixing the workman's wages," he is an employee as defined by section 7585, Code of 1923, (section 310, Title 26, Code of 1940). If he was such an employee, he was not an independent contractor. If the circumstances were such as that his employer contemplated the necessity of his having helpers in his work, the employment of those helpers did not make them the servants solely of the main employee, Hartzog, as contemplated by the Workmen's Compensation Law. It is not necessary that they shall have a claim against defendant for wages to enable them to come within the Workmen's Compensation Law. Their relation to it depends upon the relation of Hartzog. If Hartzog was an employee of defendant, and his employment with defendant contemplated the use of others, such as plaintiff, plaintiff was also an employee of defendant within that law. W. P. Brown & Sons Lumber Co. v. Crossley, 230 Ala. 403, 161 So. 536.

The essential findings by the trial court were as follows:

"(a) That defendant is a corporation engaged in the manufacture of finished lumber with its plant and office at Lockhart in Covington County, and that it entered into a written contract with D. M. Hartzog under date of October 23, 1939, for the latter to log a certain tract of timber owned by the defendant known as the 'Parker Tract' and to saw same into rough lumber and deliver it to defendant's plant at Lockhart in the southeastern part of this county.

"(b) That plaintiff, J. M. Majors, was a resident of Conecuh County, Alabama, who performed common or semi-skilled labor and engaged in such work as he could find from time to time; and that he was engaged or employed by D. M. Hartzog to work at the mill referred to in the next paragraph, and was working there when he received the injury complained of; that plaintiff worked under and according to the instructions of Hartzog; and, that he received his pay from Hartzog or Hartzog's superintendent, Tom Wright.

"(c) That D. M. Hartzog owned the mill, equipment, tools and supplies used in operating under the aforesaid contract, and that defendant had no mortgage lien or other claims whatever thereon; Hartzog had engaged in business under similar contracts with defendant since 1935, and at other times had contracted his services and equipment to other people, and on still other occasions had bought timber and sawed same into lumber for sale in the open market; that he maintained his own mill and equipment.

"(d) That Hartzog's mill was put up at such location as he chose, and was located in the northern part of this county near McKenzie, which is in Conecuh County; that on November 6, 1939, a number of people, including the plaintiff, worked at this mill and operations connected therewith, all of whom were employed by Hartzog, and that all of them were paid by Hartzog and not by the defendant; that Hartzog, or someone under his authority, had the sole right to hire and fire people who worked at this mill; that he kept his own books, payroll and tax records; that he paid all employment taxes on the persons working at this mill, and had qualified with the Department of Industrial Relations as an employer.

"(e) That Hartzog was compensated only by payment of lumber sawed and delivered in accordance with the contract; that a week's delivery of lumber was held in reserve by defendant and that he would sometimes draw against this reserve in advance of usual dates of payments, and was also advanced money by defendant who charged same to his account and collected it from payments of lumber then or thereafter delivered; that in two or three instances he purchased some equipment or tools from defendant which were charged to his account and afterwards were paid for by him through deductions from lumber delivered as per the contract, but that it was his general custom to purchase tools, equipment and supplies and have repairs made at various places wherever convenient to him, none of such transactions being carried on exclusively with the defendant.

"(f) That Hartzog had the sole right to regulate hours of work and the conditions, manner and tenure of employment, and was the only person who exercised that right.

"(g) That under paragraph 5 of the contract the size, length and class of lum-

ber to be manufactured by Hartzog was subject to the approval and acceptance by the defendant and that issuance by defendant of any specifications as to size or length of lumber was merely in furtherance of a means to expedite the approval and acceptance of lumber to be manufactured and delivered under the contract.

"(h) That the parties knew the nature of their contract and thereby expressly created an independent contractor relation, and which instrument must be accorded the legal sanctions granted to all voluntary contracts of competent parties until such sanctions are overthrown by good and sufficient proof; and that this contract was not oppressive in its provisions relating to termination as such provisions were entirely mutual in words and effect."

It has been thoroughly and finally settled by the decisions of this Court that on certiorari in compensation cases, "If on any reasonable view of the evidence it will support the conclusion reached in the trial court, the finding and judgment will not be disturbed." Ex parte Sloss-Sheffield S. & I. Co., 207 Ala. 219, 221, 92 So. 458, 460; Ex parte Louisville & Nashville R. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Nunnally Co., 209 Ala. 82, 95 So. 343; Ex parte Shaw, 210 Ala. 185, 97 So. 694; Ex parte Thomas, 209 Ala. 276, 96 So. 233; Sloss-Sheffield S. & I. Co. v. Alexander, 241 Ala. 476, 3 So.2d 46.

It would serve no good purpose to here attempt to set out and analyze the evidence. We have carefully examined it, and it supports the conclusion reached in the trial court.

Our attention is directed to certain rulings of the trial court concerning the admission and rejecting of evidence. This Court will not on certiorari in compensation cases disturb the findings of the trial court because of mere errors in the admission or rejection of evidence, where there is legal evidence to support the judgment rendered. Ex Parte Woodward Iron Co., 211 Ala. 111, 99 So. 649.

We find no error in the record.

Writ denied; Judgment affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.