33 So.2d 355

**DAVIS v. BIRMINGHAM ELECTRIC CO.**

6 Div. 596.

Supreme Court of Alabama.

Jan. 15, 1948.

Frank L. Parsons, Jos. C. Barnard and Maurice F. Bishop, all of Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellee.

BROWN, Justice.

This appeal is prosecuted by the plaintiff from a judgment entered on the verdict of the jury in favor of the defendant followed by motion for new trial which was overruled. The plaintiff sues as the administratrix of her deceased husband to recover damages for his wrongful death under the homicide act. Code of 1940, Tit. 7, § 123.

There was but one count in the complaint which avers that said intestate was a trespasser on the defendant's street car track and that he was negligently run upon and killed by the street car after the driver of the car discovered said intestate in a place of peril.

The catastrophe occurred between 1:00 and 2:00 o'clock on the morning of September 26, 1945, near Downey Station in an open field through which the defendant's tracks run leading into Birmingham.

The only eyewitness to the tragedy was the defendant's motorman. The evidence goes to show that the street car tracks for some distance before they reach Downey Station, a flag station, are straight and slightly downgrade and the evidence shows that the headlight on the car was burning and that the driver of the car was looking straight ahead as the car approached and reached the point of the accident. The driver testified that his vision was normal; that the street car was traveling at the rate of between 25 to 30 miles per hour as it approached Downey Station. When the car was in sixty feet of an object between the rails, which afterwards proved to be intestate's body, the motorman discovered the object and immediately cut off the current, applied the brakes in emergency and sanded the tracks, in an effort to stop the car. The evidence without dispute shows that the tracks were covered with a heavy dew, which caused the wheels of the car to slide. The street car stopped somewhere within 100 feet after the motorman applied the brakes and witness got off the car, went back to the scene where the object was and it was not until then that he discovered that the object on the track was the body of a human being. There was evidence going to show that life was extinct before the street car came into contact with the body.

Plaintiff's witness Smith testified that he had operated street cars for defendant during the year 1940 and up until 1944 of the same type as the car involved in the incident and in answer to the following hypothetical questions testified.

"Q. What is the most effective way to bring a street car like type 585 to an emergency stop? A. An emergency stop?

"Q. The quickest stop? A. To reverse the street car.

"Q. To reverse the street car? A. Yes, sir. * * *

"Q. Assuming that the track was damp I will ask you that same question, if street car type 585 was going twenty-five miles per hour on a substantially level track at or near Downey Station, in your opinion, how many feet would it take to bring that street car to a stop, making the best stop possible, the quickest stop? A. The quickest stop?

"Q. Yes. A. Well, I would say—you mean how many feet?

"Q. Yes. A. I would say thirty to thirty-five feet, providing the wheels did not slide, did not lock and slide.

"Q. Is there anything on the street cars that you use to keep the wheels from sliding? A. Yes, sir.

"Q. What is that? A. Sand.

"Q. Do you apply sand to keep the wheels from sliding? A. Yes, sir, that is what it was for."

At the conclusion of the evidence the court at the defendant's request gave the affirmative charge in writing in its favor and on the request of plaintiff's counsel to argue the facts to the jury, it being then time to adjourn for the day, the court passed the case over to the following

morning, and then withdrew from the jury the affirmative charge with elaborate instructions that they should not consider it but should exclude it from their consideration and thereupon submitted the case to the jury, with the result stated at the head of this opinion.

The appellant insists that the jury was so prejudiced by this action of the court in giving the affirmative charge, she did not have a fair trial, and that the court erroneously overruled her motion for a new trial. The appellee on the other hand insists that it was entitled to the affirmative charge and any error committed by the trial court in submitting the case to the jury after it withdrew the charge was without injury to the appellant.

■ By the averments of her complaint the plaintiff assumed the burden of adducing evidence warranting the jury in finding that plaintiff's intestate was alive on defendant's track as the street car approached, that he was actually discovered by the motorman, and that the motorman negligently failed to use all the means at hand within his power to prevent the on moving street car from running upon or against intestate's body and as a proximate consequence thereof, he was killed. Louisville & N. R. Co. v. Rogers, 242 Ala. 448, 6 So.2d 874; Central of Georgia Ry. Co. v. Lee, 225 Ala. 283, 142 So. 660; Central of Georgia Ry. Co. v. Ellison, 199 Ala. 571, 75 So. 159.

■ If any fact within issues essential to plaintiff's right to a verdict is left by the evidence adduced to mere conjecture, speculation or guess, the defendant is due the affirmative charge. Southern R. R. Co. v. Miller, 226 Ala. 366, 147 So. 149; St. Louis & S. F. R. Co. v. Dorman, 205 Ala. 609, 89 So. 70; Louisville & N. R. Co. v. Rogers, 242 Ala. 448, 6 So.2d 874.

■ The burden of appellant's argument is, taking the evidence as a whole, whether the body was lifeless at the time it was stricken by the car was a question for the jury, and that the testimony of the witness Smith constituted a conflict in the evidence as to whether or not the driver of the street car was guilty of negligence in not reversing the motor instead of doing what he testified that he did. The evidence is without dispute that the effect of reversing the motor was to lock the wheels of the street car, the same effect produced by cutting off the power, applying the brakes in emergency and sanding the track. The plaintiff's contention that the question of whether or not the body of intestate was lifeless when the street car struck it, was for the jury, may be conceded; still the evidence of the witness Smith at most injected into the case mere conjecture, speculation or guess as to whether the result would have been different if the motorman had reversed the motor instead of cutting off the current, applying the brakes in emergency and sanding the tracks.

■ We are at the conclusion that the defendant was due the affirmative charge and, therefore, any ruling of the court subsequent to the withdrawal of the charge and the submission of the case to the jury was without injury to the plaintiff.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.