45 So.2d 291

### HATCH v. BLACK DIAMOND COAL MINING CO.

6 Div. 923.

Supreme Court of Alabama.
March 30, 1950.

496

Lipscomb & Brobston and W. E. Brobston, of Bessemer, for appellant.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellee.

SIMPSON, Justice.

Certiorari to review a judgment in a workmen's compensation case wherein the court denied compensation to the plaintiff on the ground that his claim was barred by the statute of limitation.

The suit was filed on September 3, 1948, on an accident alleged to have occurred February 14, 1943. The plaintiff sought to avoid the effect of the statute of limitation on the theory that in the early part of 1943 the defendant perpetrated a fraud on him in settling for his injury by paying a cash sum of $500 and promising him a lifetime job as a part of the consideration for the settlement; that later the defendant denied or refused him work and it was then he learned that the promise of a lifetime job had been fraudulently made; and that he did not learn that the said representation was false until July 4, 1948, less than one year from the date of the institution of the suit, on the basis of which contention it is asserted the fraud had tolled the running of the statute and suit was in time. Code 1940, Tit. 7, § 42.

The trial court found that the plaintiff did receive an injury which arose out of and in the course of his employment as an employee of the defendant, but pretermitted, except by implication, any finding as to whether any fraud had been perpetrated, and adjudged that if so the plaintiff became apprised thereof more than one year before the institution of the suit, of consequence of which recovery was denied.

The argument to reverse the judgment is that there was no evidence to support the finding that the plaintiff learned of the perpetration of the alleged fraud more than one year from the date of the institution of the suit. On a careful review of the evidence, we are bound to conclude that there was some evidence to justify this finding of the court. Indeed, one aspect of the evidence would tend to sustain the conclusion that the plaintiff was denied or refused work several years before the institution of the suit, in which event that would have been the time when the statute would begin to run.

■ There was, of course, evidence to sustain the plaintiff's side of the case, but in this character of review we are not dealing with the weight of the evidence, but merely whether there was any evidence to sustain the holding below, and if on any reasonable view thereof there is support for such conclusion, it will not be disturbed. Riddle v. Smith, 252 Ala. 369, 41 So.2d 288; Majors v. Jackson Lumber Co., 244 Ala. 418, 13 So.2d 885; Hearn v. U. S. Cast Iron Pipe & Foundry Co., 217 Ala. 352, 116 So. 365.

■ Since the plaintiff sought to avert the bar of the statute on the ground of actual fraud perpetrated on him, it was his burden to establish by the evidence that he did not discover the fraud until within the one-year period prior to

the filing of the suit, Maxwell v. Lauderdale, 200 Ala. 648, 77 So. 22; and there is substantial evidence in the record to justify the court's conclusion that plaintiff failed to discharge this burden.

Under these well settled principles, we are bound by the conclusion reached by the trial court, so must affirm that holding.

Affirmed.

BROWN, LIVINGSTON, and STAKELY, JJ., concur.