This is an appeal by defendant Fuqua from a judgment for plaintiff in an action for fraud. Defendant first contends that the trial court erroneously refused his motion for directed verdict and motion for judgment notwithstanding the verdict. This contention primarily rests upon the argument that plaintiff failed to present proof, after a plea of the statute of limitation, that the action was timely brought, and that the evidence was insufficient to sustain a verdict for fraud.
According to the evidence, plaintiff purchased a residence from a third party in 1969. Defendant had constructed and sold the residence to the third party. In 1973 plaintiff noted cracks appear in the northwest corner of the monolithic concrete slab upon which the house was constructed. Other cracks came in the kitchen. The cabinets pulled away from the wall and the exterior brick veneer pulled away from the wall at and near the northwest corner. Plaintiff wrote defendant a letter telling of these defects. Defendant responded to it several months later after the Veterans Administration requested that he look into plaintiff's complaint. Defendant visited plaintiff's residence, looked at the cracks in the slab and, according to plaintiff, told him that it was caused by the subsidence of the fill dirt under the slab at the northwest corner and that he would repair the damage and put it in its original condition. Several months later, defendant secured new brick and sent employees to work on the house. They removed the old brick near the northwest corner, and dug holes beside and under the slab. Concrete was delivered to the site but as it was about to be poured, plaintiff told the workmen he would not permit it because it would not cause the slab to be returned to its original level as promised by defendant. The concrete was returned and the workmen left saying that they had not been instructed by defendant to do more than they had begun when stopped by plaintiff.
The gravamen of the action of plaintiff against defendant is that he represented that he would return the house to its original condition before the slab subsided and broke; that the representation was false and defendant never intended to perform as promised.
Defendant pleaded the statute of limitation which requires that an action for fraud be brought within one year from the discovery of the fraud. § 6-2-3, Code of Alabama (1975). Such plea cast upon plaintiff the burden of establishing by the evidence that his discovery of the alleged fraud of defendant occurred within one year prior to institution of suit. Mann v.Adams Realty Co., 556 F.2d 288 (5th Cir. 1977); Hatch v. BlackDiamond Coal Mining Co., 253 Ala. 495, 45 So.2d 291 (1950).
The fraud in this case was the alleged misrepresentation of defendant made in October or November of 1973 to plaintiff that he would repair the defects in the house so that it would conform to its original condition. Plaintiff contends that representation meant that the broken slab would be taken out and replaced or would be leveled and not just reinforced to prevent further subsiding. The discovery of the misrepresentation would by necessity be when plaintiff became aware that defendant did not intend to perform. It would not be, as plaintiff argues in brief, a time in October 1974 when plaintiff learned from his architect the extent of damage and the cost of repairs. The fraud of defendant claimed by plaintiff is not the extent of an original defective performance in construction, but is the making of a commitment to repair such defects which he did not intend *Page 204 
to perform.[1] When plaintiff first learned that defendant did not intend to perform as represented, the statute began to run.
Plaintiff first testified that he began to doubt defendant's intention to perform his promise when there was a delay from the time of the promise in October 1973. He consulted his attorney and had him write defendant a letter about the delay on March 22, 1974. He said that from October 1973 to March 1974 he heard nothing from defendant. This long delay led him "to believe, forget it." He thereafter came to the opinion that defendant had misrepresented the facts to him and that opinion did not "change from that point." The following testimony of plaintiff occurred:
 Q. Okay, when did you discover, when do you allege that you discovered the alleged fraud?
 A. To narrow it down the best I could I would say it happened from the time my first doubt appeared that the house was even going to be repaired until now.
Q. When did you first discover it then?
 A. Well, I could say the first time I discovered it is the day after he left that he didn't come back.
Q. Sometime in April, is that correct?
 A. I would say yes, the latter part of April or March.
 Q. The latter part of April. Was it the latter part or first — sometime in April?
 A. The only thing I am basing it on is when I knew for a fact nothing was going to be done.
There was other testimony by plaintiff as follows:
Q. And then when did he come out to repair the home?
A. As far as a date I cannot give it to you exactly.
Q. What month?
A. April
Q. Are you sure about April?
A. I have no doubt about April
 Q. You have no doubts about April. What part of the month during April did he come out? Do you have any idea about that?
A. (No answer).
Q. If you don't know, that is fine.
A. Really I cannot say. I don't know.
To sum up the evidence, plaintiff testified that he began to doubt that defendant intended to perform his promise to repair made in October 1973 when he had heard nothing from him for several months. On March 22, 1974, plaintiff's lawyer wrote defendant a letter apparently complaining about lack of performance. That letter is not in evidence. Sometime thereafter in the latter part of March or April, defendant sent his men to plaintiff's house. When plaintiff saw they were not going to do the extensive work he considered necessary to fulfill defendant's promise, he refused to allow them to continue. Plaintiff said he went to his lawyer's office within five minutes after the workmen left his home. When they did not return the next day, he knew that defendant had misrepresented his intentions. He did not know what date in April this occurred. It must have occurred prior to April 17, 1974, the date of a letter from defendant to the V.A. telling them that plaintiff had not permitted repairs and that he could do nothing further. A copy of that letter was sent to plaintiff. Defendant stated his employees went to plaintiff's house around the first of April. He didn't have the date. It could have been the seventh, eighth or ninth.
It is to be noted that the testimony as to the date of discovery of fraud by plaintiff is as indefinite as the date alleged in the complaint. The complaint alleges discovery in the month of April. There is a complete absence of evidence as to a date of discovery. Plaintiff's own testimony is that he began to believe that defendant had misrepresented his intention when there was a long delay after his promise. He was certain of it after the unacceptable effort to *Page 205 
repair. He fixed the date of full discovery as the day thereafter. He stated more than once that it was April but he did not know the date. There was no conflict in the evidence as to the time or date of discovery. There was no evidence from which the jury could fix that date as being subsequent to April 9, 1973, one year prior to filing of the suit. For the jury to have done so required a finding based upon pure speculation. To permit the jury to so speculate after defendant moved for a directed verdict was error and requires reversal. Colonial Life Accident Insurance Co. v. Collins, 280 Ala. 373,194 So.2d 532 (1967); Williams v. Palmer, 277 Ala. 188, 168 So.2d 220
(1964); Davis v. Birmingham Electric Co., 250 Ala. 98,33 So.2d 355 (1948). For failure of plaintiff to establish by the evidence that suit was commenced less than one year from the discovery of the alleged fraud, defendant was entitled to a directed verdict and the granting of his motion for judgment notwithstanding the verdict. The judgment below is reversed and remanded for entry of judgment notwithstanding the verdict.
The remainder of the stated issues are pretermitted.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.
[1] We do not consider whether it is actionable fraud to fail to perform an apparently gratuitous promise for which he had no legal obligation. Neither do we consider how plaintiff was injured by relying on such representation when he has paid no consideration nor altered his position to his detriment.