BRADLEY, Judge.
This is a workmen’s compensation case.
The plaintiff, Vernon McCraney, was injured on February 6,1984 while throwing a log chain. Defendant Bigger Pulpwood Company, Inc. (Bigger) had contracted with John Urquhart, Sr. (Urquhart), also named as a defendant,- to haul logs from the Scott Paper Company Woodyard in Range, Alabama to Gulf Lumber Company in Mobile, Alabama. Urquhart then hired the plaintiff as a truck driver to haul logs.
Plaintiff alleges that he is an employee of Bigger within the meaning of our workmen’s compensation laws and is entitled to relief thereunder.
The trial court, in its initial judgment, found that plaintiff was not an employee of Bigger and denied compensation. The court further stated that Bigger did not reserve any right of control over the manner in which Urquhart or the plaintiff fulfilled the contract and that the relationship between Urquhart and McCraney with Bigger was that of an independent contractor.
Pursuant to Rule 59, Alabama Rules of Civil Procedure, McCraney filed a motion for new trial requesting, inter alia, that the court revise its judgment and enter an appropriate finding and conclusion in response to plaintiff’s contention that liability was imposed on Bigger under section 25-5-10(a), Code 1975.
The court then amended its original judgment and found that plaintiff was the employee of Urquhart, not of Bigger, and specifically that plaintiff was not a pieceworker under section 25-5-10(a), Code 1975.
Plaintiff appeals.
Plaintiff contends that Urquhart must be classified as a pieceworker pursuant to section 25-5-10(a), Code 1975, and that as such the statute mandates Bigger’s being held Urquhart’s employer under our workmen’s compensation laws. Plaintiff further argues that, once Urquhart is classified as a pieceworker and an employee of Bigger, plaintiff must also be deemed Bigger’s employee.
In order to address plaintiff’s contention that Urquhart was a pieceworker, we deem it helpful to examine the statute we are called on to apply. Section 25-5-10(a) of our Workmen’s Compensation Act is as follows:
“(a) Any person who creates or carries into operation any fraudulent scheme, artifice or device to enable him to execute work without himself being responsible to the workman for the provisions of this chapter shall himself be included in the term ‘employer’ and shall be subject to all the liabilities of employers under this chapter. But this section shall not be construed to cover or mean an owner who lets a contract to a contractor in good faith, nor to a contractor who, in good faith, lets to a subcontractor a portion of his contract; but no person shall be deemed a contractor or subcontractor so as to make him liable to pay compensation within the meaning of this section who performs his work upon the employer’s premises, with the employer’s tools or appliances, and under the employer’s directions, nor one who does what is commonly known as ‘piece work,’.... ”
The first sentence of this section clearly provides that those persons who enter into fraudulent arrangements so as to avoid liability for their workers otherwise covered by workmen’s compensation laws will not thereby escape classification as employers. The first section of the second sentence then creates an exception to this rule: Those employers who enter into good-faith, independent contractor relationships will not be subject to liability under the act, as they are not viewed as fraudulent schemers.
The second part of the second sentence appears to further define the first part of *1118 the second sentence by providing that no one can be denominated as a contractor or subcontractor who performs his duties on the employer’s premises, with the employer’s tools, and under the employer’s directions, nor one who does “piecework.” The effect of this provision is that one who engages in one of these enumerated activities is an employee, not an independent contractor.
The trial court held that Urquhart was an independent contractor and that plaintiff was an employee of Urquhart and not a “pieceworker.” Plaintiff, however, asserts that Urquhart should be classified as a “pieceworker” under section 25-5-10(a), Code 1975, and as such the relationship between Bigger and Urquhart was that of employer and employee. Such a determination would result in plaintiff also being denominated Bigger’s employee provided that Bigger was aware of Urquhart’s intention to hire others. Majors v. Jackson Lumber Co., 244 Ala. 418, 13 So.2d 885 (Ala.1943).
Although we have never considered specifically what constitutes “piecework,” the Majors court did interpret Title 26, section 310, Code 1940, which is the predecessor to section 25-5-10(a), Code 1975. The court there considered the consequences of a finding that the claimant’s employer fit within one of the categories enumerated in the section and stated: “If he was such an employee, he was not an independent contractor.” Majors, supra. Similarly, if Urquhart was an independent contractor, he could not be classified an employee.
Our review of a workmen’s compensation case is confined- to an examination of whether there is any legal evidence to support the trial court’s findings of fact and whether, under those facts, the law has been properly applied. Ala-Miss Enterprises, Inc. v. Beasley, 446 So.2d 644 (Ala.Civ.App.1984).
We note that the trial court found that Urquhart was an independent contractor. The standard to be applied when making an independent contractor categorization is whether Bigger “had a reserved right of control over the means and agencies by which the work was done or the result produced, not the actual exercise of such control.” American Tennis Courts, Inc. v. Hinton, 378 So.2d 235 (Ala.Civ.App.), cert. denied, 378 So.2d 239 (Ala.1979). In making such a determination, there is no specific set of facts that will always indicate the existence of the independent contractor relationship. Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 149 So. 74 (1933). Instead, the resolution of a case turns on its own particular set of facts. Birmingham Post, supra.
The record reveals that Bigger contracted with Urquhart to haul logs for Bigger. In doing so, Bigger did not retain or attempt to retain any control over the operation of Urquhart’s business as it related to their log hauling arrangement. In fact, Bigger testified that he had no knowledge of how Urquhart ran his business. Such testimony suggests that Bigger was interested only in the logs being hauled to Mobile; how this was accomplished was Urquhart’s problem. Moreover, plaintiff received his instructions from Urquhart’s son, not from Bigger, and used Urquhart’s truck, not Bigger’s, to haul the logs to Mobile. Such evidence is sufficient to support the trial court’s conclusion that Bigger had no reserved right of control over Urquhart’s means of accomplishing the hauling process.
There being legal evidence to support the trial court’s determination that Urquhart was an independent contractor, then a for-tiori, he cannot be classified as a pieceworker. In light of this determination, plaintiff’s assertion that he is Bigger’s employee is without merit. Thus, we affirm the trial court’s holding that an independent contractor relationship existed between Bigger and Urquhart.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.