This is an appeal from a partial summary judgment granted by the Circuit Court of Jefferson County in favor of the defendant, *Page 376 
North American Equitable Life Assurance Company, Inc.
William E. Nichols purchased a group major hospital, surgical and medical insurance policy from North American Equitable Life Assurance Company, Inc. (hereinafter "North American"), effective as of November 1, 1981.
In November of 1982, Nichols was admitted to a hospital, where arthroscopic surgery was performed on his right knee. After his hospitalization, Nichols filed a claim with North American under the insurance policy in question.
When Nichols refused to provide certain information about his knee condition, North American sent a letter to him on April 4, 1983. This letter stated:
 "We have been advised by the Equifax representative who interviewed you on March 24, 1983, that you placed a restriction on the release of medical information to the period November, 1982 to March 21, 1983.
 "The above certificate was issued November 1, 1981, and has a two (2) year waiting period for pre-existing conditions and therefore all claims submitted during the first two years are subject to review of past medical history.
 "Without your cooperation, we are unable to process your claim according to policy provisions and consequently, we are placing your claim in suspense until such time we receive the necessary release of medical information for the period November 1979 to present."
On June 9, 1983, North American officially denied Nichols's claim and stated the reason as follows:
 "During the first two (2) policy years, your coverage allows benefits for sickness which first manifests after your coverage has been in effect for at least fifteen (15) days.
 "Our Medical Director has informed us that your knee problem is a chronic condition and not a covered sickness as defined on page four (4) of your certificate."
Nichols filed this action on May 1, 1984, alleging that North American breached the insurance contract, exercised bad faith in refusing to pay his claim, and fraudulently misrepresented that his knee injury would be covered under the policy. These misrepresentations allegedly occurred when Nichols purchased the policy November 1, 1981, and renewed it November 1, 1982.
Nichols testified in his deposition that he suffered an injury to his right knee in 1977 or 1978 that resulted in recurrent "popping and locking" of that knee, that the basis of his insurance claim was the "popping" of that same knee on November 16, 1982, and that he told his physicians that the problem was recurrent. He also testified that his knee condition was pre-existing. Nichols admitted in his deposition that once he received the April 4, 1982, letter from North American which stated that no coverage would be afforded for pre-existing conditions, when North American had told him when he bought the policy that his pre-existing knee condition would in fact be covered, he knew that his claim would ultimately be denied, since North American was not proceeding as had previously been represented.
In its motion for partial summary judgment, North American pointed out that this fraud action was subject to a one-year statute of limitations,[1] and since Nichols admitted knowing more than one year prior to filing suit that the alleged misrepresentations concerning payment of his claim were false, his action should be barred as a matter of law.
Nichols contends on appeal that the one-year statute of limitations did not commence running until June 9, 1983, when North American mailed a formal written denial of his claim; thus, he says, his fraud claim was not barred when it was filed in May of 1984. *Page 377 
The trial judge found that there was no genuine issue of material fact as to the claims for fraud and bad faith refusal to pay and, therefore, granted summary judgment in favor of North American. Summary judgment was not entered on the contract claim. Following a Rule 54(b) A.R.Civ.P., certification of finality, this appeal followed.
When this action was commenced, it was subject to the one-year statute of limitations for fraud actions, §6-2-39(a)(5), Ala. Code 1975. Under § 6-2-3, Ala. Code 1975, the one year allowed by § 6-2-39 began to run when the aggrieved party discovered facts constituting the fraud.[2]
In Retail, Wholesale Department Store Employees Union v.McGriff, 398 So.2d 249 (Ala. 1981), an injured employee, who had been denied pension benefits due to his employer's failure to make contributions for him to the pension fund, brought an action for fraud, alleging that his employer and union steward had told him that he would receive a pension if he stayed on the payroll for 15 years. While he was still on the payroll, the employee had sought information from the union lawyer concerning his eligibility for retirement benefits. The employee was informed by letter in 1973 that no payments had been made into the pension fund on his behalf since April of 1970.
This Court held that the statute of limitations for fraud began to run when the employee received the letter, instead of two years later when he sought the pension benefits and they were formally denied. We found that the 1973 letter constituted constructive notice to the plaintiff that pension benefits to him would not be forthcoming:
 "When Plaintiff first learned that Defendant did not intend to perform as represented, the statute began to run. Fuqua v. Barbe, 376 So.2d 202
(Ala.Civ.App. 1979), cert. den., 376 So.2d 205 (Ala. 1979). Consequently, appellee's cause of action first accrued when he received the letters above set forth, representing Appellant's position vis-a-vis Appellee's right to a pension." Retail, Wholesale Department Store Employees Union v. McGriff, supra, at 252.
Accordingly, we hold that Nichols's action for fraud accrued when Nichols received his initial correspondence from North American in April. Nichols admitted in his deposition that he knew at that time that his recurrent knee injury could not possibly be covered under the pre-existing condition policy language referred to in the letter. When he received the April 4, 1983, letter, more than one year prior to filing suit, Nichols knew that the policy would not cover his chronic condition as he says had previously been represented to him. Nichols's action for fraud, if any, was barred by the statute of limitations; hence, the granting of summary judgment as to this claim was proper.
We also find that summary judgment was properly entered against Nichols on his claim for bad faith.
The elements of a bad faith cause of action in Alabama are as follows:
 " '(a) an insurance contract between the parties and a breach thereof by the defendant;
 " '(b) an intentional refusal to pay the insured's claim;
 " '(c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
 " '(d) the insurer's actual knowledge of the absence of any legitimate or arguable reason; [and]
 " '(e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.' "
Morton v. Allstate Ins. Co., 486 So.2d 1263, 1267-68 (Ala. 1986), quoting National *Page 378 Security Fire Cas. Co. v. Bowen, 417 So.2d 179, 183 (Ala. 1982).
North American formally denied Nichols's claim based on the pre-existing condition exclusion in its policy, medical records establishing that Nichols's problem had been recurrent during a four-year period prior to the date of the alleged injury, and the medical opinion of Dr. Jack Marks that Nichols had been treated for an ongoing problem.
Without question, the information and documents before North American at the time of the denial were sufficient to establish at least an arguable or debatable reason for denying plaintiff's claim.
We agree with the trial judge that there was no genuine issue of material fact as to whether Nichols's fraud claim was barred by the statute of limitations, or whether North American exercised bad faith in denying Nichols's claim under the policy. Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.
[1] The one-year statute of limitations covering fraud actions, §6-2-39, Code 1975, was repealed effective January 9, 1985, and those actions covered by that statute were transferred to §6-2-38, the two-year statute. Act No. 39, 1984-85 Alabama Acts.
[2] Section 6-2-3 has also been amended to recognize that fraud actions are now governed by the two-year statute. See Act 39, 1984-85 Alabama Acts.