JONES, Justice
(dissenting).
I respectfully disagree with the Court’s denial of the petition for review. In my opinion, the Court of Civil Appeals incorrectly applied the certiorari rule of appellate review to conclusions of law. Admittedly, this rule (any evidence to support the findings) is generally applicable to workmen’s compensation cases and is more restrictive than the rule of review applicable to appeals of right; and, arguably, the statutory mandate for review of workmen’s compensation cases by certiorari is compatible with the applicable standard of review by certiorari at common law. This more restrictive scope of appellate review rests on the premise that the trial court’s ore tenus findings are subject to challenge only upon a showing of lack of supporting evidence; but it does not extend to the trial court’s conclusions of law based upon its findings of fact.
The difference between findings of fact and conclusions of law is dramatized by a comparison of the Court of Civil Appeals’ holding in the instant case with the holdings in Davis-Day Timber Co. v. Gentry, 54 Ala.App. 385, 309 So.2d 97 (1975), and Tuscaloosa Veneer Co. v. Martin, 233 Ala. 567, 172 So. 608 (1937). In each of the latter two cases, the injured worker was found by the trial court to be the employee of the timber company, and the finding was based on far less persuasive evidence indicating the employee status than the evidence here presented. The only consistency in the three cases is that the “findings” of the trial court in each case were affirmed on appeal.[1] The fallacy, then, lies in the denomination of such ultimate “findings” as findings of fact rather than as conclusions of law.
Interestingly, as the Court of Civil Appeals’ observed in its opinion in this case, the “findings of fact by the trial judge are somewhat meager,” and “there were more facts related under the heading of Conclusions of Law than there were under the heading of Findings of Fact.” While the court of appeals treats this phenomenon as a harmless inadvertence (and, from a structural standpoint, I agree), its telling effect lies in the apparent dilemma of the trial court in attempting to separate objective, *1036 historical facts (here not in dispute) from legal conclusions to be drawn from those facts.
When two different cases with identical facts produce diametrically opposed results and each case is affirmed under a single standard of review, something is wrong. Has the rule of law failed us? The rule of law has failed us only if we persist in our misapplication of a perfectly good standard by confusing the trial court’s discretionary function (as the finder of facts) with its nondiscretionary function (applying the law to the facts). This point is made abundantly clear in Weeks, supra.
The undisputed evidence in this case, just as in Davis-Day, Tuscaloosa Veneer, and Weeks, cries out for a “finding,” as a matter of law, that Osborne was an employee of Jones and thus that Gallery was a co-employee of Osborne. A finding that Osborne was an independent contractor flatly ignores the nature and character of the relationship between the timber company (Jones) and the timber cutter (Osborne). Each of the factual incidents made the basis of the independent contractor status of Osborne is a mere self-serving formality that clouds the substantive reality of the employer-employee relationship. Given the nature and character of the work, once the timber company hires the timber cutter and hauler; furnishes the chain saws, the truck, and the gasoline; and instructs the cutter as to when and where to cut, as well as what to cut and when to haul the timber, nothing is left with respect to the right-of-control element.
To say that the element of control is missing is to assert the ridiculous: that Jones did not tell Osborne how to pull the ignition cord to start the chain saw or how to hold the saw against the tree to cut it down. It is not an exaggeration to summarize the facts as follows: Osborne was hired by Jones to cut Jones’s trees on Jones’s land (as lessee), under Jones’s direction and inspection, with Jones’s saws, and then to haul the cut logs on Jones’s truck, fueled by Jones’s gasoline, to Jones’s mill. Indeed, except for the unfortunate and fortuitous circumstance of cancellation by the insurance carrier, Jones would have had workmen’s compensation coverage “for employees of woodcutters such as Osborne [and Gallery].”
Nevertheless, the factfinder’s conclusion of an independent contractor status is affirmed because Jones paid Osborne by the “piece” as opposed to hourly wages; Osborne was free to hire and pay “his help” as he pleased; and Osborne was free to accept or reject the job. Essentially all of these items are part of the superficial, self-serving plan and design of Jones — the employer. For an excellent discussion of this problem, see Professor Wes S. Malone’s Louisiana Workmen’s Compensation Law and Practice (West 1951). See, also, my dissenting opinion in Williams v. Tennessee River Pulp & Paper Co., 442 So.2d 20, 24 (Ala.1983).[2] Furthermore, it should be observed that not a single case is cited in the Court of Civil Appeals’ opinion as authority for the finding that Osborne was an independent contractor under these facts, despite the cases cited therein and in this dissent suggesting the contrary.[3]
The injustice of the holding is apparent: When the lowest level employee in the entire timber-cutting industry — the only person who assumes any substantial risk of injury — is unemployed as the result of an on-the-job accident, he and his dependents are added to the public welfare rolls rather *1037 than being compensated by the industry that produced his injury.
ADAMS, J., concurs.

. In Weeks v. C.L. Dickert Lumber Co., 270 Ala. 713, 121 So.2d 894 (1960), the Court reversed the trial court's finding of an independent contractor relationship where the facts relating to the employer’s retained right of control, for all practical purposes, were the same as the facts in this case. Indeed, here, the evidence of actual control is even stronger.

. It is interesting to note that the Williams Court, in arriving at its holding, acknowledged established workmen’s compensation precedent to the contrary, but rejected its application to identical facts in a nonworkmen’s compensation context: "[WJorkmen's compensation cases do not help this Court to ascertain the common law relationship between [the lumber company] and [the logger]." 442 So.2d at 23. Here, again, without expressly overruling Davis-Day, supra, Tuscaloosa Veneer, supra, or Weeks, supra, the Court impliedly adopts Williams in a workmen’s compensation case. Thus, the injured woodcutter is at the total mercy and benevolence of the trial judge’s "findings of fact.”

. For an additional case affirming the trial court’s "finding" of the independent contractor status of the log hauler, see McCraney v. Bigger Pulpwood Co., 500 So.2d 1116 (Ala.Civ.App.1986). The evidence in McCraney, however, clearly supports the trial court's conclusion.