ALMON, Justice.
Bobby Butler appeals from a summary judgment, made final pursuant to Ala. R.Civ.P. 54(b), in favor of the defendants, Sam Newton, d/b/a Sam Newton Insurance Agency; and The Hartford Accident & Indemnity Company, The Insurance People of ITT (hereinafter “The Hartford”) on his claim of bad faith refusal to pay an insurance claim.
Bobby Butler is a volunteer fireman for the Elgin Volunteer Fire Department, which is a member of the Lauderdale County Fire Fighters Association. In 1983, the Lauderdale County Fire Fighters Association purchased an insurance policy from The Hartford. That policy provided coverage for volunteer firefighters who sustained injuries arising from their activities with the volunteer fire departments within the firefighters association.
On February 28, 1988, while fighting a fire, Butler developed chest pains. Later that day Butler was admitted to Eliza Coffee Memorial Hospital in Florence, Alabama, for treatment for his chest pain. Two days later he was transferred to AMI Brookwood Hospital in Birmingham, where he underwent heart bypass surgery. Butler submitted a claim to The Hartford for payment of the expenses from that treatment. The Hartford denied his claim for benefits, and he thereafter filed this action, alleging breach of contract and bad faith refusal to pay a claim. Following the trial court’s entry of a summary judgment in favor of The Hartford on the bad faith claim, Butler appealed to this Court.
“The elements of a bad faith cause of action are as follows:
“ ‘(a) an insurance contract between the parties and a breach thereof by the defendant;
“ ‘(b) an intentional refusal to pay the insured’s claim;
“ ‘(c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable or arguable reason); [and]
“ ‘(d) the insurer’s actual knowledge of the absence of any legitimate or arguable reason; [and]
“ ‘(e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer’s intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.’
“Nichols v. North Amer. Equitable Life Assur. Co., 502 So.2d 375, 377 (Ala.1987) (citations omitted).
“In short, the plaintiff must go beyond a mere showing of nonpayment and prove a bad faith nonpayment, a nonpayment without any reasonable ground for disputing the claim. Or, stated differently, the plaintiff must show that the insurance company had no legal or factual defense to the insurance claim.... Burkett v. Burkett, 542 So.2d 1215, 1217 (Ala.1989), quoting National Security Fire & Casualty Co. v. Bowen, 417 So.2d 179, 183 (Ala.1982).”
Peek v. Reserve National Ins. Co., 585 So.2d 1303, 1308-09 (Ala.1991).
The basis of The Hartford’s denial of Butler’s claim is found in the “Heart or Circulatory Malfunction Rider” that is attached to and included in the policy. That rider defines “injury,” for purposes of coverage, as follows:
“Injury means a heart or circulatory malfunction if:
“(a) the first symptoms of such malfunction are medically diagnosed:
“(1) while the Insured Person is covered under the policy; and
“(2) within 24 hours of the Emergency Duty;
“(b) the Insured Person is under age 65; and
“(c) the Insured Person has not;
“(1) been medically diagnosed that he has; or
“(2) received any medical treatment for; a heart or circulatory malfunction within 5 years prior to the date of the Emergency Duty.”
Further, the rider defines “treatment,” for purposes of coverage, as follows:
*1311 “Treatment means:
“(a) necessary medical or surgical treatment, services or supplies; or
“(b) necessary hospital, nursing and ambulance services.”
It is undisputed that in January 1980 Butler had heart bypass surgery and that up until February 28, 1988, the day of the fire, he continued to be treated with medication for coronary artery disease. Butler admits in his deposition that was taken in March 1989 that he was still taking the blood pressure and cholesterol medications that he had been taking continuously for the past 8 or 10 years.
At the time that The Hartford denied Butler's claim, it had before it Butler’s medical records, including the medical records from his January 1980 heart surgery, as well as medical reports stating that Butler continued to be treated with two cardiac medications. These facts, which were known to The Hartford at the time it denied Butler’s claim for benefits under the policy, provide an arguable reason for denying that claim. The Hartford contends that, because Butler continued to have treatment for his earlier malfunction, his February 1988 heart malfunction was not within the definition of “injury,” because of paragraph (c), quoted above. Butler counters by contending that he had not had a heart or circulatory malfunction within the five years prior to February 1988 and that, therefore, paragraph (c) does not apply. Without resolving this dispute or deciding to what extent an ambiguity exists for purposes of the contract claim, we hold that The Hartford’s contention is sufficiently reasonable to justify the summary judgment on the bad faith claim.
Therefore, the summary judgment in favor of The Hartford on Butler’s claim of bad faith refusal to pay is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.