ADAMS, Justice.
The plaintiffs, Debra and Edward Moseley, appeal from a summary judgment in favor of the defendants, State Farm Fire *1313 and Casualty Insurance Company and its agent, Ken Owen. We reverse and remand.
The Moseleys alleged fraud in the overin-surance of their A-frame house, which was totally destroyed by fire on December 6, 1987.[1] On the advice of a State Farm insurance representative, they had been paying insurance premiums on the house since 1982 for coverage in the amount of $30,000; however, upon the total loss of the dwelling, checks totaling less than $20,-000 were tendered as final payment on the loss of the house and for removal of the debris from the lot. The trial court entered a summary judgment for State Farm, holding that the two-year statute of limitations for fraud actions had expired, as a matter of law. We disagree.
“We have held that fraud is discovered as a matter of law for purposes of the statute of limitations when one receives documents that would put one on such notice that the fraud reasonably should be discovered. Nichols v. North American Equitable Life Assurance Co., 502 So.2d 375, 377 (Ala.1987); Retail, Wholesale & Department Store Employees Union, Local 453 v. McGriff, 398 So.2d 249 (Ala.1981).”
Hickox v. Stover, 551 So.2d 259, 262 (Ala.1989).
Mrs. Moseley stated in her deposition that when the adjuster, Henry Wilson, came to her house in December 1987, he wrote out two checks for approximately $19,000. She and her mother both expressed dissatisfaction with the coverage amount and showed the adjuster the policy, which insured the house for $30,000. Mrs. Moseley stated that the adjuster made no attempt to explain the policy and the difference in the face amount of the policy and the amount of the check, except to state that “[he] had to break the house down.” Mrs. Moseley thereafter contacted Ken Owen, who had issued the initial policy, in order to let him know of the discrepancy in the coverage and the payment made to her mother. She stated that she contacted Owen prior to the Christmas holidays and was assured by him that he would check into the matter and get back in touch with her regarding the discrepancy.
The trial court found that the plaintiffs’ cause of action accrued, at the latest, on December 28, when the checks were tendered to Mrs. Moseley’s mother for an amount less than the coverage of the policy. We disagree. Following the tender of those checks, Mrs. Moseley said she was assured by Ken Owen that he would look into the matter and get back with her regarding the problem. Then, on January 7, 1988, Moseley received a letter from Wilson explaining the estimate and the method by which he had reached the amount tendered. The letter further stated that Wilson considered the estimate correct. Under the facts of this case, we hardly consider the receipt of the checks and a subsequent letter from the adjuster who conducted the estimate to put Moseley on notice that State Farm would refuse further payment, in light of the assurances Mrs. Moseley says Owen gave her to the effect that he would contact her after he had checked into the matter. Owen never thereafter contacted Moseley, and she contacted an attorney regarding the matter. We cannot agree that the statute of limitations had expired, as a matter of law, prior to the filing of the claim, because it would have been reasonable for Mrs. Moseley not to believe that State Farm had foreclosed the possibility of future additional payment on the claim until it became apparent that Owen was not going to follow through with the assurances Mrs. Moseley says he made. Therefore, a jury question was presented as to when it became apparent to Mrs. Moseley that Owen was not going to follow through with the assurances made to Mrs. Moseley. For this reason, we hereby reverse the summary judgment.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, KENNEDY and INGRAM, JJ., concur.
MADDOX, ALMON, HOUSTON and STEAGALL, JJ., dissent.

. The Moseleys had sold their house to Mrs. Moseley’s mother approximately one year prior to the fire; however, she continued to carry the same coverage on the house.