On Application for Rehearing

YATES, Judge.
The opinion of July 30, 1999', is withdrawn, and the following is substituted therefor.
On August 7, 1996, Mary L. Reynolds sued American General Finance, Inc. (“AGF”), and two of its agents, Robert Faulkner and James Sloop, alleging fraud, deceit, and misrepresentation, and alleging that she had suffered mental anguish relating to the interest rates charged her on five loan transactions that had occurred in 1988 and 1991. In February 1998, Reynolds amended her complaint to add claims related to a practice known as “flipping.” In October 1998, AGF moved for a summary judgment, arguing that loan documents Reynolds had received in 1988 gave her notice of the defendants’ actions that she now complains of and that her claims were therefore barred by the two-year statute of limitations found at § 6-2-38(1), Ala.Code 1975. The court entered a summary judgment in favor of AGF, Faulkner, and Sloop in regard to the first four transactions, which had occurred in 1988, but denied a summary judgment as to the fifth loan transaction, which had occurred in 1991.[1] Reynolds appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
A motion for summary judgment is to be granted if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Hinkle v. Burgreen Contracting Co., 678 So.2d 797 (Ala.Civ.App.1996); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
In 1986, Reynolds purchased a residence in Baldwin County. During that same year, Reynolds sold the property to Raymond Sherrin and Lezlie Sherrin, maintaining a vendor’s lien on the property. The Sherrins were required to pay $359.80 per month to Reynolds. In March 1988, Reynolds contacted AGF and spoke with Faulkner, requesting a $5,000 loan. Reynolds offered the Baldwin County property as collateral. Following an appraisal of *683 the Baldwin County property, AGF approved the $5,000 loan; it required Reynolds to assign to AGF the payments secured by the vendor’s lien as repayment for her loan. Faulkner quoted Reynolds an interest rate of 20% on the loan. Reynolds met with Faulkner and, without reading all of the documents, signed a settlement statement and “partial assignment of promissory note and mortgage,” assigning AGF a total of 17 vendor’s-lien payments. She subsequently borrowed three additional amounts in 1988: $5,000 in May; $5,000 in July; and $1,000 in December. The four loans resulted in Reynolds’s assigning to AGF of a total of 76 vendor’s-lien payments at $359.80 per month. Reynolds testified that each time she met with Faulkner he advised her that the terms remained the same, including an interest rate of 20%. The last loan transaction occurred in 1991, when Reynolds borrowed an additional $500 from AGF. At the time of that fifth transaction, Reynolds says, she met with Sloop and he confirmed that the interest rate would remain at 20%. According to a “settlement statement” dated May 15,1991, Reynolds had borrowed a total of $16,870.55 from AGF, assigning to AGF a total of 92 vendor’s-lien payments.
In December 1995, Reynolds was contacted by a title company requesting a pay-off amount for the Sherrins on the vendor’s lien. Reynolds contacted AGF and was informed that approximately $38,000 was owed on the vendor’s lien and that AGF was entitled to approximately $10,000 of that amount. Reynolds stated that she did a calculation of the payments AGF had already received and that, based on her calculations, she had paid almost $48,000 on her loans totalling $16,870.55— “And,” she said, “something was wrong.” Reynolds obtained a computation by Faulkner, dated January 4, 1996, which indicated interest rates from 20% to 24% on the five loans.
In February 1996, the Sherrins sold the property; at the closing, Reynolds received $37,000, with $10,000 being paid to AGF. After consulting a certified public accountant, who confirmed that Reynolds had been charged an interest rate in excess of 20%, Reynolds retained an attorney and filed her lawsuit.
The court entered a summary judgment, as to the claims based on the first four loans, finding that in 1988 Reynolds had received documents that should have put her on notice of the alleged fraudulent acts and that the fraud claims were therefore barred by the two-year statute of limitations. On appeal, Reynolds argues that the court erred in entering the summary judgment in favor of AGF, because, she says, (1) the 1988 loan documents did not provide her with adequate notice of fraud; (2) she did not receive notice of the fraudulent acts until 1996; and (3) her lawsuit, filed in October 1996, was therefore filed within the statutorily allowed period.
The elements Reynolds must prove in regard to each of her fraud claims are: (1) that the defendants misrepresented a material fact; (2) that the misrepresentation was made willfully to deceive or was made recklessly without knowledge; (3) that Reynolds justifiably relied upon the misrepresentation, under the circumstances; [2] and (4) that she was damaged as a proximate result of the reliance. Sanford v. House of Discount Tires, 692 So.2d 840 (Ala.Civ.App.1997). In addition, a plaintiff alleging fraud must file an action within two years from the time the fraud *684 occurs or is discovered; otherwise, the claim will be time-barred. See § 6-2-38(1) and § 6-2-3, Ala.Code 1975.
Our supreme court addressed the “justifiable-reliance” standard applicable to fraud claims, in Hickox v. Stover, 551 So.2d 259 (Ala.1989):
“In light of modern society’s recognition of a standard of business ethics that demands that factual statements be made carefully and honestly,
“ ‘[rjeliance should be assessed by the following standard: A plaintiff, given the particular facts of his knowledge, understanding, and present ability to fully comprehend the nature of the subject transaction and its ramifications, has not justifiably relied on the defendant’s representation if that representation is “one so patently and obviously false that he must have closed his eyes to avoid the discovery of truth.’””
Id. at 263, quoting Southern States Ford, Inc. v. Proctor, 541 So.2d 1081, 1091-92 (Ala.1989) (Hornsby, C.J., concurring specially). In Hickox, the court held that a summary judgment had been improperly entered for a defendant insurance company and that the issue regarding the statute of limitations — when an insured should have discovered the alleged fraud- — should have been presented to a jury.
Our courts have consistently held that a question of when a party should have discovered fraud, for the purpose of tolling the running of the limitations period, is a question for the jury. See Barlow v. Liberty National Life Insurance Co., 708 So.2d 168 (Ala.Civ.App.1997); and Vandegrift v. Lagrone, 477 So.2d 292 (Ala.1985). In Hicks v. Globe Life & Accident Insurance Co., 584 So.2d 458 (Ala.1991), our supreme court addressed the issue of when the limitations period begins to run in a situation where a plaintiff receives written documents. The court stated:
“The question of when a plaintiff should have discovered fraud should be taken away from the jury and decided as a matter of law only in cases where the plaintiff actually knew of facts that would have put a reasonable person on notice of fraud....
[[Image here]]
“We note Globe’s reliance on Nichols v. North American Equitable Life Assur. Co., 502 So.2d 375 (Ala.1987), in support of its position that Ms. Hicks should have known of the alleged fraud because she had possession of the policy. However, a close reading of the Nichols case reveals that it does not support such a proposition. Rather, Nichols holds that, in order to commence the running of the limitations period, a plaintiff must have actual knowledge of facts that would lead a reasonable person to discover the alleged fraud. In fact, Nichols is a good example of how such knowledge is obtained and when it is proper to determine that, as a matter of law, the plaintiff should have discovered the alleged fraud.”
Id. at 463-64 (citations omitted). In Nichols v. Life Insurance Co. of Georgia, 701 So.2d 1126, 1131 (Ala.Civ.App.1997), this court, citing Fabre v. State Farm Mutual Automobile Insurance Co., 624 So.2d 167, 168 (Ala.1993), held that the employees’ possession of written materials did not preclude a finding that they had justifiably relied upon the oral representations of insurance agents and concluded that the question of when the employees had discovered the alleged fraud was to be determined by a jury; that fact question precluded a summary judgment based on the statute of limitations.
We distinguish this case from our supreme court’s recent ruling in Lott v. Tarver, 741 So.2d 394 (Ala.1999). In Lott, our supreme court affirmed a summary judg *685 ment in favor of the defendants on the plaintiffs’ fraud claim, finding that the plaintiffs had signed a vendor’s-lien deed and a promissory note that stated the mortgage amount, the interest rate, and the total number of installments due on the loan. The court reasoned that the plaintiffs had been put on notice as to any misrepresentations made by the defendants at the time the documents were executed. That is in contrast to the present case, in which the loan documents executed by AGF and Reynolds did not state the interest rate or the total amount to be repaid by Reynolds.
We conclude, based on our review of the record, that the 1988 loan documents Reynolds received did not give her notice that she was being charged a higher interest rate than the 20% rate quoted by Faulkner. Rather, the documents are silent as to the interest rate. We conclude that the question whether Reynolds justifiably relied upon Faulkner’s alleged representations, so that the running of the limitations period was tolled, is to be determined by a jury. Therefore, we reverse the judgment and remand the case for further proceedings.
OPINION OF JULY 30, 1999, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED AND RULE 39(k) MOTION DENIED; REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.

. The court, on October 28, 1999, pursuant to Rule 54(b), Ala. R. Civ. P., entered a final judgment as to the claims decided on summary judgment.

. We note that in Foremost Insurance Co. v. Parham, 693 So.2d 409 (Ala.1997), our supreme court discarded the 'justifiable-reliance” standard and returned to a "reasonable-reliance” standard. However, the new standard applies to all fraud cases filed after March 14, 1997, and, thus, does not apply to the present case, which was filed in 1996.